## Thompson *v.* Town of Luverne.

### *Action upon Interest Coupons of Bonds.*

1. *Constitutional law; act of incorporating town does not allow issuance of bonds to build court house.*—The provisions of the section of an act "entitled an act, to incorporate the Town of Luverne, County of Crenshaw, State of Alabama," seeking to confer upon said Town the power and authority to issue bonds for the purpose of building a Court House for the County of Crenshaw, in the Town of Luverne, are not germane or cognate to or indicated or expressed by the title of said act, and such section is unconstitutional and void, being violative of Article IV, § 2, of the Constitution, which requires that 'Each law shall contain but one subject which shall be clearly expressed in its title;" and bonds issued under such act for the purpose of building a court house are invalid and unenforcible.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. D. M. POWELL, Special Judge.

This action was brought by the appellant, Jesse Thompson, against the Town of Luverne to recover interest alleged to be due upon certain bonds issued by

[Thompson v. Town of Luverne.]

the defendant; and the complaint counted upon the interest coupons which were attached to said bonds. The material facts necessary to an understanding of the decision on present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court, at the request of the defendant, gave the general affirmative charge in its behalf, to the giving of which charge the plaintiff duly excepted. Verdict and judgment for the defendant. The plaintiff appeals and assigns as error, among other rulings of the trial court, the giving of the general affirmative charge requested by the defendant.

FRED S. BALL, for appellant.—The provisions of section 8 of the act to incorporate a town, Luverne, in County of Crenshaw, State of Alabama, are but a part of the one comprehensive subject expressed in the title; and, therefore, the bonds issued by the said municipality for the purpose of building a court house for the County of Crenshaw, in the town of Luverne, were germane to the subject expressed in the title.—*Valentine v. Wickersham*, 75 Ala. 533; *Hare v. Kennerly*, 83 Ala. 613; *Dorsey's Appeal*, 72 Pa. St., 192; *Burr v. Carbondale*, 76 Ill. 455; *Cartersville v. Baker*, 73 Ga. 686.

BRICKEN & BRICKEN, *contra*, cited *Randolph v. B. & P. Supply Co.*, 106 Ala. 501; *Yerby, Co. Treas. v. Cochrane*, 101 Ala. 541; *Rice v. Westcott*, 108 Ala. 353; *Ex parte Gayles*, 108 Ala. 514; *White v. Bergin*, 113 Ala. 170; *Bradley v. State*, 99 Ala. 177; *Miller v. Jones*, 80 Ala. 89.

McCLELLAN, C. J.—This is an action by Thompson against Luverne on interest coupons attached when issued to certain bonds issued by said town under the supposed authorization of section 8 of an act of the General Assembly, approved February 6th, 1891. The title of this act is as follows: "To incorporate the town of Luverne, in the County of Crenshaw, and State of Alabama." Section 8 of this act is in the following lang-

:uage: "Sec. 8. Be it further enacted, That the said mayor and council of the said town of Luverne are hereby authorized and empowered to borrow a sum of money not exceeding twenty-five thousand dollars, for the purpose of building a court house in said town, should the county seat of Crenshaw county be removed to said town; and for the purpose of building public school houses and other needed public buildings; and for that purpose the said mayor and council are hereby authorized and empowered to issue negotiable coupon bonds in such denominations as they see fit, bearing interest at the rate of not more than eight per cent. per annum, and running for such time as said mayor and council may determine, not to exceed twenty-five years, and to sell the said bonds to the best advantage for the benefit of said town, at not less than 95 cents on the dollar, the coupons thereof to be receivable in payment of all dues and other taxes to the said town of Luverne. Said bonds to be exempt from municipal taxes in Crenshaw county." The bonds issued by the town contain a recitation that they were issued "under an act of the General Assembly of Alabama, approved February 6th, 1891, entitled: 'An act to incorporate the town of Luverne, in the County of Crenshaw and State of Alabama,'" the act to which we have referred; and they show on their faces that two hundred and fifty bonds, each for one hundred dollars, aggregating twenty-five thousand dollars, the whole amount attempted to be authorized, were issued. The coupons refer especially to the bonds to which they were severally originally attached, by number and otherwise. It thus appeared by the face of the bonds and the coupons that both the bonds and the coupons were issued under said section of said act for the purpose of building a court house for the county of Crenshaw in the town of Luverne, and such was the fact; and the only question in the case is whether the provision in § 8 of the act for the issuance of bonds by the town to raise money to build a county court house is germane or cognate to, covered by, indicated in or expressed in the title of the act, "To incorporate the town of Luverne, in the County of Crenshaw, and the State of Alabama,"

within the mandatory requirement of § 2, Art. IV of the constitution: "Each law shall contain but one subject, which shall be clearly expressed in its title." That it is not; that the building of a county court house is a subject entirely different and distinct from and foreign to the subject of the incorporation of a municipality; that such subject is in no sense expressed in a title proposing only to incorporate a town, is too clear to require argument or the citation of any of the very numerous decisions of this court covering the point. The circuit court correctly gave the affirmative charge to the jury on the theory that section 8 of said act is unconstitutional and void, and its judgment must be affirmed.

Affirmed.