## THE STATE ex rel. CITY OF CHILLICOTHE v. WILDER, Auditor.

### In Banc, December 18, 1906.

1. **BONDING CITY: Notice of Election: Fifteen Days.** The statuted required that "not less than fifteen days' previous notice shall be given by publication in some newspaper published in such city or town" of the election to be held on January 29, 1906, to authorize the city to issue bonds for waterworks, etc., and the notice was published for seventeen consecutive days beginning on January 6th and ending on January 25th. *Held,* that the notice was published fifteen days before said election, and the failure to publish it on the three days next before the election did not render it insufficient.

2. ——: **Two Propositions: Waterworks and Electric Light Plant.** An ordinance authorizing a vote on the proposition to issue bonds for "a waterworks and electric light plant" does not contain two propositions, one for a waterworks and the other for an electric light plant. A proposition for "a combined waterworks and electric light plant" would, however, be better.

3. ——: **Section 12a of Constitution: Self-Enforcing.** Whether or not section 12a of article 10 of the Constitution, adopted in 1902, was self-enforcing, was put beyond question by the enactment in 1903 of a new statute designated as section 6350a in almost the exact language of the constitutional amendment.

4. ——: **For Maintaining and Operating Plant.** The constitutional amendment authorized a city "to become indebted in a larger amount than specified in section 12 of article 10, not exceeding an additional five per cent of the value of the taxable property therein, for the purpose of purchasing or constructing waterworks, electric or other light plants, to be owned exclusively by the city." *Held* that no power is thereby given a city, whose present indebtedness, when the proposed bonds are added, would exceed five per cent of the taxable property, to issue bonds to be used in maintaining and operating said plant. And hence a city of 8,000 persons, whose taxable wealth is $1,513,139.15, whose existing indebtedness is $20,000, has no

200 Sup—7

State ex rel. v. Wilder.

power to issue $100,000 in bonds for the purpose of "erecting, constructing, maintaining and operating a waterworks and electric light plant" therein. The bonds can only be used for "the purpose of purchasing or constructing" such plant.

5. ———: ———: **Express Powers.** Municipal corporations possess and can exercise only such powers as are granted in express words, and those necessarily incident to or implied in the powers granted. The power to maintain and operate a waterworks and electric light plant is not necessarily incident to or implied in a grant to purchase or construct such a plant. The idea behind this grant was that such plant would be self-sustaining.

## Mandamus.

PEREMPTORY WRIT DENIED.

*Frank W. Ashby* for relator; *Oscar L. Smith* of counsel.

(1)  The bond issue in this case is authorized by sections 6273 to 6278, inclusive, Revised Statutes 1899. (2)  The notice of election required by section 6276 was duly given in due form and time.  Kellogg v. Carrico, 47 Mo. 157; Bank v. Stumpf, 73 Mo. 311; Nishnabotna Drainage District v. Campbell, 154 Mo. 151; In re Woolridge, 30 Mo. App. 612; State ex rel. v. Allen, 178 Mo. 555.  (3)  Two propositions cannot be coupled together and voted on at the same time, by the same ballot (State ex rel. v. Allen, 186 Mo. 673), but in passing on this question the court will look to the facts of the subject-matter.  Here the purpose in view is the construction of a waterworks and electric light plant, at a cost of $100,000, to furnish the city and its inhabitants with water and light.  State ex rel. v. Allen, 178 Mo. 555; State ex rel. v. Allen, 183 Mo. 283; Electric Co. v. City of Newton, 42 Fed. 723; Senmour v. City of Tacoma, 32 Pac. 1077; Truelsen v. Mayor of Duluth, 63 N. W. 714; Hubbard v. Woodson, 32 Atl. 802.  The purpose of the city and the proposition submitted to the voters being but one plant, it was unnecessary to say how much money would be used in the construction of any particular part thereof.  (4)

The court will consider section 6275, sections 12 and 12a of article 10 together, in its consideration of this case. If it be possible, will harmonize them, even though it be necessary to depart from a literal construction. State v. Heman, 70 Mo. 441; State v. King, 44 Mo. 283; St. Louis v. Lane, 110 Mo. 255; State ex rel. v. Slover, 126 Mo. 652; State ex rel. v. County Court, 128 Mo. 428. Words may sometimes be stricken out of a statute in constructing it in order to harmonize its entire provisions. Bingham v. Birmingham, 103 Mo. 345; State v. Acuff, 6 Mo. 54. The construction of a constitutional amendment must not be so strict or technical as to defeat the evident object and purpose of its creation. State ex rel. v. Allen, 183 Mo. 283. (5) By section 8 of ordinance 203 a levy of $4,000 per annum is made to pay interest on said bonds as it falls due, and also a levy of $5,000 per annum is made to constitute a sinking fund to pay the principal of said bonds as they mature, which is all that is required by the Constitution, nor was it necessary to submit the matter to the electors to be voted on at the election. Benton v. Scott, 168 Mo. 378; State ex rel. v. Allen, 183 Mo. 283; Evans v. McFarland, 186 Mo. 703.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for respondent; *Louis A. Chapman* and *Scott J. Miller* of counsel.

(1) Under the law of this State two propositions cannot be united in one submission so as to have one expression of the vote answer both propositions. In this case there should have been one submission for the erection of a waterworks plant and one submission for the erection of an electric light plant, with the specified amount of money to be used in the construction of each. They are separate public utilities and so recognized by the law, and should have been submitted separately. State ex rel. v. Allen, 186 Mo. 673; State ex rel. v. Allen, 178 Mo. 55; McBride v. City of Mon-

tesano, 7 Wash. 69; Elyria Gas and Water Co. v. City of Elyria, 57 Ohio St. 374; Truelson v. City of Duluth, 61 Minn. 48; Metcalf v. City of Seattle, 25 Pac. 1010; Petros v. City of Vancouver, 13 Wash. 423; Gray v. Mount, 45 Iowa 591; City of Denver v. Haynes, 63 Pac. 311; 21 Am. and Eng. Ency. Law (2 Ed.), 47. (2) It is admitted that the amount of the existing indebtedness of the city is $25,000; that the assessed valuation is $1,519,139.15, and that five per cent of the latter amount less said existing indebtedness is $50,956.95, the amount of indebtedness authorized by section 12, article 10, of the Constitution. As the amount of indebtedness voted and for which bonds were issued is $100,000, it follows that section 12a, article 10, of the Constitution, as well as said section 12, must be looked to for authority for incurring such indebtedness. The ordinance under consideration provides that such indebtedness shall be incurred and bonds issued for the purpose of erecting, constructing, maintaining and operating a waterworks and electric light plant. Section 12a of article 10 authorizes cities of the class named to become indebted in a larger amount than specified in section 12 of article 10, not exceeding an additional five per cent for the purpose of purchasing or constructing waterworks, electric or other light plants. But it does not authorize such indebtedness for the purpose of maintaining or operating such plants. The proposition submitted to the voters by the ordinance under which the bonds under consideration were issued was, therefore, to incur an indebtedness for a purpose not authorized by the Constitution. Sec. 12, art. 10, Constitution; sec. 12a, art. 10, Constitution; Laws 1903, p. 94; Merrill v. Town of Monticello, 138 U. S. 673; Harris on Municipal Bonds, note 181, p. 58; State ex rel. v. Allen, 186 Mo. 673; 1 Dillon on Municipal Corp., sec. 89; City ex rel. v. Eddy, 123 Mo. 559; 2 Smith on Municipal Corp., secs. 861-2; City of Columbia v. Wilder, 94 S. W. 495; 5

Words and Phrases Judicially Defined, p. 4280; More-
head v. Railroad, 17 O. 353.  (3)  The notice of the spec-
ial election called for the purpose of voting on the pro-
position to become indebted, as provided in said ordi-
nance, was not in conformity with the law.  The fifteen
days' notice required when published in a daily paper
must be the first fifteen days previous to the election—
the last insertion in the daily paper being the last issue
of the paper previous to the election.  Stine v. Wilkson,
10 Mo. 96; Kellogg v. Carrico, 47 Mo. 159; Bank v.
Stumpf, 73 Mo. 315; State ex rel. v. Martin, 83 Mo.
App. 55.

GANTT, J.—This is an original proceeding com-
menced in this court to obtain a writ of mandamus
against the State Auditor to require him to register one
hundred bonds of the denomination of one thousand
dollars each, issued by the city of Chillicothe.

The facts are all agreed upon.  The city of Chillico-
the is a municipal corporation having a special charter
and containing a population of about eight thousand in-
habitants, according to the last previous assessment
before the issuing of bonds.  The assessed value of the
taxable property in said city was $1,513,139.15.  At the
present time, and at the time of holding the special
election, authorizing the issue of said bonds, the bond-
ed indebtedness of the city was twenty thousand dol-
lars.  On January 2, 1906, the council of said city
passed and approved an ordinance, number 198, hav-
ing for its purpose the calling of a special election, to
test the sense of the voters of the city upon a proposi-
tion to issue bonds in the sum of one hundred thou-
sand dollars, in order to provide "a waterworks and
electric light plant." The notice of the election was pub-
lished in the Chillicothe Constitution, a daily newspa-
per published in the city, for seventeen consecutive is-
sues of said paper previous to the election which was

held on the 29th of January, 1906. At said election 842 votes were cast in favor of said issuing of bonds and 182 against it. This result was formally declared by an ordinance number 202 passed and approved on the 5th of February, 1906. On the 23rd of February, 1906, ordinance 203 was passed and approved authorizing the city authorities to issue said bonds, and in pursuance thereto bonds were issued and signed by the proper authorities, with the corporate seal of the city thereon. These bonds were presented with the necessary fees to the Auditor for registration, and he refused to register them on the grounds, first, because the notice of the election was not published fifteen consecutive days immediately previous to the election, and second, because the proposition voted on contained two propositions, one a waterworks plant and the other an electric light plant, whereby it was impossible for any voter to vote for one and against the other if he desired to do so, and for the further reason that the ordinance did not designate what amount of money was to be used to provide a waterworks plant, nor what part was to be used for the electric light plant, and, third, because section 12a of article 10 of the Constitution of Missouri only authorizes the city to increase its debt for the purpose of ''purchasing or constructing waterworks, electric and other light plants,'' and not for the purpose of ''erecting, constructing, *maintaining and operating* the same,'' as provided by the ordinance number 198 passed and approved by the city of Chillicothe, January 2, 1906, and; fourth, because no provision was made by the ordinance for the per cent of additional taxation to pay the interest or constitute a sinking fund to pay the principal of said bonds as they mature, nor was the matter submitted to the voters.

I. The ordinance itself provides that ''At least fifteen days' previous notice shall be given of the election herein called for by publication in the Chillicothe

Constitution, a daily newspaper, published in the city of Chillicothe, Missouri.'' It is conceded that the notice of election provided for by said ordinance was published in the Chillicothe Constitution, a daily newspaper, for seventeen consecutive issues of said paper, beginning with the issue dated the 6th of January, 1906, and continuing from day to day until and including the 25th day of January, 1906, and that the election was held on the 29th day of January, 1906. Counsel for the respondent, the State Auditor, makes the point that this publication was insufficient because it did not continue up to and including the day of the election. Upon the authority of German Bank v. Stumpf, 73 Mo. 311, and State ex rel. v. Allen, 178 Mo. 555, we hold that the notice was published fifteen days before the said election, and that the failure to publish it on the three days before the election did not render it bad.

II.   As for the second ground for refusing to register the bonds, to-wit, that it contained two propositions, one for a waterworks plant and the other for an electric light plant, so that the voters were compelled to vote for the whole proposition and could not vote for one against the other, we think that a reading of the ordinance and the notice of election indicates that the bonds were to be issued for one plant only, to-wit, ''a waterworks and electric light plant,'' and that the ordinance and the notice of election in this case do not violate the rule announced by this court in State ex rel. Bethany v. Allen, 186 Mo. 673. We think it was the clearly-expressed purpose in this case to erect one plant, on one site, to be conducted by one management and in this manner save the expense of another plant.   In State ex rel. Columbia v. Allen, 183 Mo. 283, the ordinance was to purchase an existing waterworks and light plant and provide for its extension, and it was held not to be a double but a single proposition.   We know of no reason, and none is suggested, why one plant, at least so

far as the power and machinery are concerned, could not be made available, and we think such was the intention and purpose of the council in passing this ordinance and that the objection of the Auditor to the bonds on this ground cannot be sustained. Upon a new submission of the proposition, however, it should be for "a *combined* waterworks and electric light plant." [Hubbard v. Woodsum, 32 Atl. 802; Truelsen v. Mayor of Duluth, 63 N. W. 714.]

III.   The ordinance provided for an election to test the sense of the voters of said city upon a proposition of increasing the indebtedness of the city in the sum of one hundred thousand dollars by issuing bonds to that amount to be used "for the purpose of erecting, constructing and *maintaining* and *operating* a waterworks and electric light plant." By reference to the assessed valuation of the city and taking into account the existing indebtedness of twenty thousand dollars, it is perfectly obvious that this one hundred thousand dollars of bonds would largely exceed five per cent of the taxable property, and under section 12 of article 10 of the Constitution, would be in excess of the debt-making power of the city, and we can look only to section 12a of article 10 of the Constitution, adopted at the general election in November, 1902, for authority for the issuance of bonds by the city in excess of five per cent of its assessed valuation.   Section 12a of article 10 of the Constitution provides that "Any city in this State containing not more than thirty thousand nor less than two thousand inhabitants, may, with assent of two-thirds of the voters thereof, voting at an election to be held for that purpose, be allowed to become indebted in a larger amount than specified in section 12 of article 10 of the Constitution of this State, not exceeding an additional five per centum on the value of the taxable property therein, for the purpose of purchasing or constructing waterworks, electric or other light

plants, to be owned exclusively by the city so purchasing or constructing the same.'' By an act of the Legislature approved February 17, 1903, a new section was added to article 13  of chapter 91 of the Revised Statutes of 1899, to be known as section 6350a, which section is in the same words of section 12a, so that all question of the self-enforcement of section 12a of the Constitution is out of the way. Both section 12a, of the Constitution and section 6350a, Revised Statutes 1899, limit the powers of the cities therein named to incur the additional five per cent indebtedness to the purpose of ''purchasing or constructing waterworks, electric or other light plants.'' No power is given said municipality to issue bonds for the purpose of maintaining and operating said waterworks, electric or other  light plants. But the ordinance in this case under which these bonds were issued provides upon its face that the money raised from the sale of this one hundred thousand dollars of bonds, shall be ''used for the purpose of erecting, constructing, maintaining and operating a waterworks and electric light plant,'' thus exceeding the power granted by the constitutional amendment of 1902, and the statute enacted in 1903, in pursuance thereof. It will thus be seen that there is no express authority in the organic law or the statute of this State for cities of two thousand and not over thirty thousand inhabitants incurring an indebtedness in excess of five per cent of their assessed valuation for the purpose of maintaining and operating waterworks and electric light plants. It is a well-settled law of this State that municipal corporations possess and can exercise only such powers as are granted in express words, or those necessarily incident to or implied in the powers expressly granted.  [City of Nevada to use v. Eddy, 123 Mo. l. c. 557.] We do not think it can be reasonably maintained that the power to maintain and operate waterworks is necessarily incident to or implied in the

State ex rel. v. Wilder.

power to purchase or construct waterworks or electric light plants; on the contrary, we think it was the purpose of the people in conferring this power upon cities of the population named to acquire waterworks and electric light plants which should be self-sustaining. The word "maintain" does not mean "to provide or construct," but to keep up and preserve, and the word "operate" means to put into or continue in operation or activity. These expressions have a distinct signification from the words "purchase or construct." This court has already ruled in State ex rel. Columbia v. Wilder, 197 Mo. 1, in construing section 12a of article 10 of the Constitution, that bonds issued for the purpose of building a sewer did not fall within the purview of this section which permits the additional five per cent indebtedness to be incurred for the sole purpose of purchasing or constructing waterworks, electric or other light plants to be owned exclusively by the city. Accordingly we think that the ordinance in providing for the issuing of these bonds, in so far as it provided for maintaining and operating the plant, was without authority of law and in excess of the grant of the Constitution and the statute enacted in pursuance of it. The proposition not being a severable one, it follows that the bonds were issued without authority of law and the Auditor properly refused to register the same and the peremptory writ of mandamus must be and is denied.

All concur.