[State, ex rel. Coxwell v. Mims, Treasurer.]

•

# State, *ex rel.* Coxwell *v.* Mims, Treasurer.

### Mandamus.

(Decided June 30, 1916.  72 South. 540.)

Statutes; Title; Public Office.—Local Acts 1915, p. 47, purports by its title to fix the pay of state witnesses, but regulates the fees of the sheriff and court clerks of Monroe county, and hence, violates § 45, Constitution 1901.

APPEAL from Monroe Law and Equity Court.

Heard before Hon. WILLIAM G. McCORVEY.

Mandamus proceedings by the State, on the relation of John M. Coxwell, against D. D. Mims, as County Treasurer. From a judgment sustaining a demurrer to the petition, the relator appeals. Reversed, rendered, and remanded.

The petition sets up the preferring of an indictment against certain parties by the grand jury, the docketing of said indictment, issuing capias, the placing on the subpœna docket of the witnesses, and the summoning of said witnesses, and the performance of other duties incident to the trial and disposition of said cause. The petition further shows a proper claim filed for such fees and registered by the treasurer. It is then alleged that the treasurer refuses to pay the same, and claims that under and by virtue of sections 7 and 8, Local Acts 1915, p. 47, he is not authorized to pay a greater sum than 50 per centum of said claim. The demurrers take the point that it affirmatively appears that the treasurer was acting under and by virtue of a valid law in refusing to pay said claim, and that he legally declined to pay the claim.

J. D. RATCLIFFE, for appellant.  HARE & JONES, for appellee.

GARDNER, J.—By this petition the circuit clerk of Monroe county, who was elected to that office on November 8, 1910, for a term of six years beginning January 17, 1911, seeks to require the treasurer of Monroe county to pay to him his claim in a certain criminal case in which the state failed to convict. There is no question as to the correctness of the schedule of fees set out in said claim, for the services rendered, as provided for by the

general law. The claim was properly indorsed and registered, but payment was refused by the treasurer, as disclosed by the averments of the petition under the sole authority of sections 7 and 8 of the local act approved March 24, 1915, (Local Acts 1915, p. 47), which read as follows: "Sec. 7. That the fees of the circuit clerk, or clerk of any other court in said county, and the sheriff of said county in cases where the state fails to convict, or where a nolle prosequi is entered, or where an indictment is withdrawn and filed, shall be fifty per centum (50%) of the fees allowed by law.

"Sec. 8. That the fees accruing to the sheriff and clerks, or provided by section seven (7) of this act, shall be paid out of the general fund of said county, as other claims are paid, and when audited and allowed by the court of county commissioners or board of revenue shall be preferred in the same manner, as is provided for the payment of witnesses."

The assignment of demurrer takes the point that the petition shows the treasurer was acting under the authority of a valid law. The sole question presented on this appeal, therefore, is the validity of the said sections of the local act.

The title of the act referred to, of which said sections form a part, is as follows: "To provide for and regulate the pay of state witnesses before the grand jury, circuit, law and equity and county courts of Monroe county, and to repeal all laws in conflict herewith."

It readily appears that the title of the act has no reference to nor indication of the question of compensation for county officers such as the circuit clerk and sheriff. The provisions of the quoted sections are not cognate to, embraced in, nor related to the subject expressed in the title of the act. Section 45 of the Constitution provides, among other things, that: "Each law shall contain but one subject which shall be clearly expressed in its title."

It needs no argument to disclose that these sections are therefore invalid as in violation of this provision of our Constitution. —*State, ex rel. Troy v. Smith,* 187 Ala. 411, 65 South. 942.

The foregoing suffices to condemn these two sections of the act, without reference to subdivision 24 of section 104 of our Constitution—prohibiting the passage of a local law "creating, increasing, or decreasing fees, percentages, or allowances of public officers"—or both to sections 96 and 281, referred to in brief of counsel for appellant.

It results that the demurrer was not well taken and should have been overruled. The judgment of the court below will be reversed and one here rendered overruling the demurrer and remanding the cause.

Reversed, rendered, and remanded. All the Justices concur, except SAYRE, J., not sitting.