(89 South. 497)

## FIRST NAT. BANK OF EVERGREEN v. HAGOOD, Tax Assessor. (3 Div. 527.)

(Supreme Court of Alabama. June 30, 1921.)

**1. Constitutional law ⊗═48—All intendments indulged in favor of constitutionality of statute.**

In passing on the constitutionality of a statute, the court will indulge all reasonable intendments in favor of constitutionality.

**2. Statutes ⊗═121 (1)—Subject held not clearly expressed in title.**

Loc. Acts 1919, p. 211, entitled "An act to authorize the commissioners' court of Conecuh county" to pay certain sum out of the county's general fund to tax assessor for extra assistance in his office, but providing in the body of the act that the commissioners' court "is re-

quired to pay" such sum to the assessor for such purpose, *held* violative of Const. § 45, requiring the subject of an act to be clearly expressed in its title, since according to the title the payment of the money is discretionary, while according to the body of the act it is a matter of compulsion.

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.

Petition by H. S. Hagood, Tax Assessor, for mandamus to the First National Bank of Evergreen, as depositary for Conecuh County, to compel said depositary to pay warrant drawn under the orders of the commissioners' court for assistance in the office of the tax assessor. From a decree overruling demurrer setting up unconstitutionality of the act under which warrant was issued, respondent appeals. Reversed and remanded.

J. S. Stearns, of Evergreen, for appellant.

Local Acts 1919, p. 211, under which petitioner claims his right to mandamus, violates section 45, in that the title authorizes the payment, while the body of the act requires the payment. 75 Ala. 523, 51 Am. Rep. 475; 153 Ala. 112, 45 South. 226; 160 Ala. 11, 49 South. 902; 102 Ala. 82, 15 South. 341. The act also offends section 96 of the Constitution. 171 Ala. 337, 54 South. 650; 77 South. 233; 172 Ala. 160, 54 South. 605; 184 Ala. 96, 63 South. 977.

Powell & Hamilton, of Greenville, for appellee.

The words "authorize" and "require," in legislative enactment, are usually construed to be identical, and are used in a compulsory sense. 47 Minn. 115, 49 N. W. 683, 28 Am. St. Rep. 333; 1 Sheld. (N. Y.) 517; 50 Me. 518; 193 Ala. 341, 69 South. 452. The act does not violate section 345. 200 Ala. 267, 76 South. 33; 137 N. C. 579, 50 S. E. 291; 41 N. J. Eq. 69, 3 Atl. 82; 9 Or. 53.

SAYRE, J. [1, 2] On September 25, 1919 (Local Acts, p. 211), the Legislature passed an act entitled:

"An act to authorize the commissioners' court of Conecuh county, Alabama, to pay out of the general fund of said county to the tax assessor of said county, the sum of six hundred dollars per annum for extra assistance in his said office."

The language of the body of the act is "that the commissioners' court of Conecuh county be and hereby is required to pay," etc. One contention made on behalf of appellant, who is the county depositary, and on whom a warrant for the annual sum stipulated in the act has been drawn, is that the act is unconstitutional and void under section 45 of the Constitution for the reason that the subject of the act is not clearly expressed in its

---

title. We indulge all reasonable intendments in favor of the constitutional validity of this act of the Legislature. It remains a fact, nevertheless, that the Legislature has used different words in the title and the body of the act—the title gives notice of the legislative purpose to pass an act authorizing the commissioners' court to pay a certain sum for a specified purpose; the body of the act requires the court to pay. We cannot assume that those different words mean the same thing, for they do not (National Surety Co. v. Huntsville, 192 Ala. 82, 68 South. 373), nor can we induce conformity by assuming one meaning to pervade the title and body of the act, for we cannot know which meaning to adopt. One would leave it to the discretion of the commissioners' court to pay the salary in question; the other would impose the duty to pay as a command or matter of compulsion—would leave no discretion. How, then, can it be said that the subject of this act is clearly expressed in the title? We think the necessary result is that in the frame of this act section 45 of the Constitution is not observed, and we have no discretion to overlook the requirement of the fundamental law; no right to mitigate the effect of its plain language.

The demurrer to appellee's petition for the writ of mandamus should have been sustained.

Reversed and remanded.

All the Justices concur.