## FIRST NAT. BANK OF EUTAW v. SMITH.
### (2 Div. 923.)

Supreme Court of Alabama.    May 10, 1928.

1. **Statutes ⬅109—Body of act must be germane and conform to special clause in title, restricting general clause (Const. 1901, § 45).**

In case special clause in title of act narrows and restricts general clause therein, then body of act must, under Const. 1901, § 45, in such particular be germane to restriction, and conform thereto.

2. **Statutes ⬅109—Act will be upheld, if in substantial compliance with constitutional requirement relative to expressing subject of act in title (Const. 1901, § 45).**

Title of statute must be liberally construed, and act will be upheld, under Const. 1901, § 45, if there is a substantial compliance with constitutional requirement, although title does not express subject or object as unequivocally as possible, and, if words used in title, taken in any sense or meaning, are sufficient to cover provisions of act, the act will be sustained.

3. **Statutes ⬅121(1)—Law setting aside gasoline fund for exclusive use in construction and maintenance of highways in Greene county held not unconstitutional on theory title merely authorized use of fund (Loc. Acts 1927, p. 300; Gen. Acts 1923, pp. 197, 198; Const. 1901, § 45).**

Loc. Acts 1927, p. 300, relative to construction and maintenance of public roads and bridges in Greene county, and setting aside gasoline fund accruing under Gen. Acts 1923, pp. 197, 198, for exclusive use therein, *held* not in violation of Const. 1901, § 45, because of fact that body of act compulsorily appropriates gasoline fund while title merely authorizes certain money for construction, such restriction in title not being limited to gasoline funds, but authorizing appropriation of other moneys available, though not set aside exclusively for purposes of act.

4. **Statutes ⬅123(4)—Title providing for construction of public roads and bridges held not at variance with body of act providing for construction, repair, and maintenance; "construct" (Loc. Acts 1927, p. 300; Const. 1901, § 45).**

Title of Loc. Acts 1927, p. 300, providing for construction of certain roads and bridges in Greene county, *held* not at variance with body of act within meaning of Const. 1901, § 45, because of fact that body of act provides for construction, repair, and maintenance of highway system, in that duties of governmental body to "construct" any public work or duty includes also the duty of maintenance and protection or keeping it constructed by means of necessary repairs (citing Words and Phrases, First and Second Series, "Construct").

5. **Statutes ⬅8½(2)—Law appropriating gasoline fund exclusively for highways in Greene county held unconstitutional, where advertisement informed people only three-fourths of fund would be used (Loc. Acts 1927, p. 300; Gen. Acts 1923, pp. 197, 198; Const. 1901, § 106).**

Loc. Acts 1927, p. 300, providing for construction and maintenance of highway system in Greene county, and setting aside exclusively gasoline fund accruing under Gen. Acts 1923, pp. 197, 198, *held* in violation of Const. 1901, § 106, because of insufficiency of advertisement informing people that only three-fourths of gasoline fund would be appropriated thereunder.

Appeal from Circuit Court, Greene County; Benj. F. Elmore, Judge.

Petition of A. W. Smith for mandamus to the First National Bank of Eutaw, as County Depository of Greene County, to require respondent to pay a certain warrant drawn in petitioner's favor. From a judgment awarding the writ, respondent appeals. Affirmed.

Inzer, Inzer & Davis, of Gadsden, for appellant.

A provision relative to financing the construction of public roads is cognate to the title "providing for the construction of public roads." City of Mobile v. Board of Revenue, 180 Ala. 489, 61 So. 368; State v. Street, 117 Ala. 203, 23 So. 807; Windham v. State, 16 Ala. App. 383, 77 So. 963; Id., 202 Ala. 697, 79 So. 877. The title of the act is sufficient to cover the provisions of section 5. The word "authorize," as used in the title of this act, does not express the sole subject, or broadest subject, of the title to which the provisions of section 5 may be referred. Chapman v. Ry. Fuel Co., 212 Ala. 106, 101 So. 879. All provisions of the act are germane to the subject-matter expressed in the title. Hubbard v. State, 172 Ala. 374, 55 So. 614; Alford v. State, 170 Ala. 178, 54 So. 213, Ann. Cas. 1912C, 1093; Board of Rev. v. Hewitt, 206 Ala. 405, 90 So. 781; Allman v. Mobile, 162 Ala. 226, 50 So. 238; Bouchelle v. State Highway Comm., 211 Ala. 474, 100 So. 884. Where permissive words are used in statutes vesting a power to be used for the public benefit, or when relating to the enforcement of an existing right de jure, they are construed as mandatory and imperative. Hence, if the subtitle be held to contract the general subject expressed in the title, the court may construe the word "authorize" as meaning "require." Ex parte Simonton, 9 Port. 390, 33 Am. Dec. 320; Turver v. Comm. Court, 17 Ala. 527; David v. Levy & Son, 119 Ala. 241, 24 So. 589; Bank v. Hagood, 206 Ala. 308, 89 So. 497; Nat. Sur. Co. v. Huntsville, 192 Ala. 82, 68 So. 373; Ward v. McDonald, 201 Ala. 237, 77 So. 827; State ex rel. Harmon v. Murphy, 211 Ala. 663, 101 So. 465. In this act the substance is the construction of a secondary highway system for Greene county, and it was permissible to change the mileage as advertised or the method of financing as advertised, at least to change the percentage of the fund to be used, without offending section 106 of the Constitution. Henderson v. State, 94 Ala. 95, 10 So. 332; Hall v. Steele, 82 Ala. 562, 2 So. 650; Ensley v. Cohn, 149 Ala. 316, 42 So. 827; Leonard v. Lyons, 204

Ala. 615, 87 So. 99; McGehee v. State, 199 Ala. 287, 74 So. 374.

J. F. Aldridge and E. F. Hildreth, both of Eutaw, and R. B. Evins, of Birmingham, for appellee.

The subject of the act is not clearly expressed in the title, in that in the title the use of certain moneys is *authorized*, whereas the body of act *directly appropriates* such moneys. First Nat. Bank v. Hagood, 206 Ala. 308, 89 So. 497; Nat. Sur. Co. v. Huntsville, 192 Ala. 82, 68 So. 373; Cooley's' Const. Lim. (8th Ed.) 310; Memphis St. Ry. Co. v. Byrne, 119 Tenn. 278, 104 S. W. 462. The title of the act provides only for construction, and the body provides for construction, repairing, and maintenance. Thus the act is broader than its subject, and is invalid. Section 45, Const. 1901. Since the notice apprised the people of the county that three-fourths of the fund would be used for the purposes stated in the act, and the act as passed appropriated the entire fund, the act is in violation of section 106 of the Constitution, and is invalid. State ex rel. v. Speake, 144 Ala. 509, 39 So. 224; Hooton v. Mellon, 142 Ala. 245, 37 So. 937.

SOMERVILLE, J. The petitioner, A. W. Smith, seeks by the writ of mandamus to compel the respondent bank, as the county depository of Greene county, to pay to him the amount of a certain warrant issued to him by the probate judge on October 11, 1927, for work done by him on the public roads of the county, and drawn upon county funds accruing under the Act of August 22, 1923 (Acts 1923, pp. 197, 198) and known as the "gasoline fund."

The respondent depository bank declined to pay this warrant on the ground that the only fund out of which it was legally payable, viz. the "gasoline fund," had been already set aside by law exclusively for other public uses, and was therefore not legally available for such a payment.

This act of appropriation upon which respondent relies is the act approved September 9, 1927 (Local Acts 1927, p. 300), and entitled "An act to provide for the construction of certain public roads and bridges in Greene county; to define the powers and duties of the court of county commissioners relative to such public roads and bridges; *to authorize the use of certain monies for such construction*, and the borrowing of money for such purpose and the issuance of interest-bearing warrants and the pledging of certain funds for the payment of such warrants." (Italics supplied.)

Section 1 of the act declares:

"The Court of County Commissioners shall forthwith select and designate one hundred miles of the principal public roads, other than state highways, which shall be known as the secondary highway system of Greene county, Alabama."

Section 5 of the act provides:

"All of what is known as the gasoline fund received by Greene county by virtue of the provisions of section 83 of an act approved August 22, 1923 (Acts 1923, page 197) is hereby set aside as a special fund to be used only in the construction, repair, and maintenance of said secondary highway system. There shall also be available for such construction all other funds in the county now available for public road and bridge work."

The petitioner's theory is that this act is unconstitutional and void, and hence that the "gasoline fund," which it attempts to appropriate to other exclusive uses, is still subject to the payment of his warrant—a correct conclusion, if the premise is correct.

Respondent's demurrer to the petition is based upon the assumption that the Act of September 9, 1927, is a valid law, and that section 5 of the act, as quoted above, prevents the payment of the warrant as demanded.

Counsel for petitioner deny the constitutionality of the act upon three grounds:

(1) Because the body of the act compulsorily appropriates the "gasoline fund" to the "construction, repair, and maintenance" of the highway system designated, while the title of the act merely "authorizes" its use for "construction"—thus violating that clause of section 45 of the Constitution which declares that "each law shall contain but one subject, which shall be clearly expressed in its title."

(2) Because there is a substantial variance between the act as advertised and the act as passed, in this, that the advertisement informed the people that only three-fourths of the "gasoline fund" would be so appropriated, while the act itself appropriates the entire fund—thus violating section 106 of the Constitution which requires that notice of local acts shall be given by a local newspaper publication, "which notice shall state the substance of the proposed law."

(3) Because the subject and purpose of this local act is already provided for by general laws—thus rendering the act a violation of section 105 of the Constitution, which inhibits local legislation in such a case.

We consider these propositions in the order stated.

1. To support their first contention, counsel for petitioner rely strongly on the case of First National Bank v. Hagood, 206 Ala. 308, 89 So. 497. It was there held that an act violated section 45 of the Constitution, where the title "authorized" the "commissioners' court to pay $600.00 out of the general county funds for extra assistance in the tax assessor's office," and the body of the act "required" such a payment; the assumption being that the terms "authorized" and "required" were of different meaning and effect, the one conferring a discretion and the other imposing a duty.

Conceding, of course, the soundness of that

decision, an important difference must be noted between that act and this. There the title contained no general clause indicative and comprehensive of the subject-matter of the act. The subject was narrow, and the title specific and restricted, and the body of the act was equally so; hence, from the confliction of these single and specific terms in the one and in the other, there was no escape. But in the title to the act here involved there is a general clause comprehensive enough to include any appropriation of public money— obviously so, because there could be no construction of public roads and bridges without the appropriation thereto of public money, and "provision" for their construction must include such an appropriation.

But, it is insisted for petitioner, this general clause—conceding its sufficiency otherwise—is restricted by the special clause following, viz. "to authorize the use of certain monies for such construction"; and hence that the efficacy of the general clause is destroyed.

[1] It is, of course, to be conceded that, if this special clause does narrow and restrict the general clause—if that is its plain purpose and application—then the body of the act in this particular must be germane to the restriction, and must conform thereto. Pillans v. Hancock, 203 Ala. 570, 572, 84 So. 757; Memphis St. R. Co. v. Byrne, 119 Tenn. 278, 104 S. W. 460, 462; Hyman v. State, 87 Tenn. 112, 9 S. W. 372, 1 L. R. A. 497; Fidelity, etc., Co. v. Shenandoah Valley R. Co., 86 Va. 1, 9 S. E. 759, 19 Am. St. Rep. 858; Cooley's Const. Limitations (8th Ed.) 310.

Manifestly, this act embodies but a single subject, the construction and maintenance of public roads and bridges; all of its provisions being germane, if not essential, to that single purpose. Manifestly, also, the title of the act contains but a single subject, the construction of public roads and bridges.

Is, then, the subject of the act clearly expressed in the title? Or is there in the subject dealt with a substantial departure from, and deceptive inconsistency with, the language of the title?

[2] "A title should be liberally construed, and an act will be upheld if there is a substantial compliance with the constitutional requirement, although the title does not express the subject or object as unequivocally as possible. If the words used in a title, taken in any sense or meaning they will reasonably bear, are sufficient to cover the provisions of the act, the act will be sustained, even though such meaning may not be the most common meaning of the words." 25 R. C. L. 850, § 95; State v. Bartholomew, 176 Ind. 182, 95 N. E. 417, Ann. Cas. 1914B, 91.

[3] Keeping these principles in view, we see no reason why the compulsory appropriation of the "gasoline fund," as prescribed by section 5 of the act, should not be treated as germane to the general provision "for the construction" of these roads, since their "construction" required, and not merely authorized, the appropriation of definite funds for its accomplishment. So, also, the more restricted term "to authorize," as found in the title, was appropriate, if not necessary, to indicate that other "monies," if any, were to be made available for use, though not set aside exclusively, and not required to be used, for the purposes of the act. Certainly, there is no necessary contradiction between the title and the body of the act with respect to those matters, and, upon a reasonable construction of the language of each, all contradiction may be avoided; for "provision" for construction by the compulsory devotion of one fund is perfectly consistent with a merely authorized use of another fund, or "certain monies."

We do not overlook the full import of the constitutional provision here involved, viz. that the subject of the act must be clearly expressed in its title.

But, when the subject of the act is clearly expressed in the title, so as to comprehend the entire act, and the question is merely upon the correspondence or variance of the subsidiary features—the ways and means of accomplishment—detailed in the title and in the body of the act, courts will decline to find conflict or deception when it can be avoided by any reasonable construction of the language used. As declared by this court in the leading case of Ex parte Pollard, 40 Ala. 99:

"The object of the constitutional provision was to prevent deception by the inclusion in a bill of matter incongruous with the title. * * * The question must always be, whether, taking from the title the subject, we can find anything in the [act] which cannot be referred to that subject. If we do, the law embraces a subject not described in the title. But this conclusion should never be attained, except by argument characterized by liberality of construction and freedom from all nice verbal criticism."

This entire subject has been comprehensively discussed in the familiar cases of Ballentyne v. Wickersham, 75 Ala. 533, and Lindsay v. U. S. Savings, etc., Ass'n, 120 Ala. 156, 172, 24 So. 171, 42 L. R. A. 783.

Had the clause in this title "authorized" the use, not of "certain monies" merely, but of the "gasoline fund"—the act appropriating that fund absolutely—the case would be a different one, and would be controlled, perhaps, by the case of First National Bank v. Hagood, 206 Ala. 308, 89 So. 497.

[4] Technically, there is a degree of variance between "construction" in the title, and "construction, repair and maintenance" in the act, which in some relations and connections might be of substantial effect. See Commonwealth v. Hayden, 211 Mass. 296, 97 N. E. 783, 784; Chillicothe v. Wilder, 200 Mo. 97, 98 S. W. 465. In this act, however, no harmful

deception could have resulted from the variance, but, on the contrary, the *maintenance* of the roads and bridges, after their construction, is clearly germane to the purpose of the act, which is to supply the people with highways which are capable of continuous service. And, indeed, the authorities hold that, when authority or duty is imposed by law upon a governmental body to "construct" any public work or utility, that term includes also the duty of *maintenance* and *protection*—of keeping it constructed by means of necessary repairs." In re Fowler, 53 N. Y. 60, 61; Town of Pelham v. Woolsey (D. C.) 16 F. 418, 419; Bell County v. Lightfoot, 104 Tex. 346, 138 S. W. 381, 382 (construction of public bridges); Words and Phrases, First and Second Series, "Construct."

Such is the reasonable meaning of "construct" in the title of this act, and the body of the act merely expressed that meaning. Hence there was in fact no variance. Our conclusion, therefore, is that the act exhibits no violation of section 45 of the Constitution.

2. This court has had occasion many times to consider and determine the sufficiency vel non of local law advertisements under section 106 of the Constitution, and the meaning, purpose, and scope of that provision have had extended consideration. Some of those holding the advertisement sufficient, although details of the bill were omitted therefrom, or were changed before passage by amendment, are: Christian v. State, 171 Ala. 52, 54 So. 1001; McGehee v. State, 199 Ala. 287, 74 So. 374; Leonard v. Lyons, 204 Ala. 615, 87 So. 99; Jarman v. Bennett, 207 Ala. 654, 93 So. 650; Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839; McCreless v. Tenn., etc., Bank, 208 Ala. 414, 94 So. 722; Law v. State, 142 Ala. 62, 38 So. 798; State ex rel. Van Deusen v. Williams, 143 Ala. 501, 39 So. 276; State ex rel. Hanna v. Tunstall, 145 Ala. 477, 40 So. 135; Mayor, etc., of Ensley v. Cohn, 149 Ala. 316, 42 So. 827. In the following cases the advertisements were held insufficient to satisfy the mandate of section 106, and the acts were held invalid: Roper v. State, 210 Ala. 440, 98 So. 286; State ex rel. Atty. Gen. v. Speake, 144 Ala. 509, 39 So. 224; Wallace v. Board of Revenue, 140 Ala. 491, 502, 37 So. 321.

The *principles* declared by these cases seem to be: (1) That the "substance" of the proposed law means, not merely the *subject* of it, but an intelligible abstract or synopsis of its material and substantial elements (Wallace v. Board of Revenue, supra; Law v. State, supra); (2) the substance of the act may be sufficiently stated without stating the details which are subsidiary to the stated elements (City of Uniontown v. State ex rel. Glass, 145 Ala. 471, 39 So. 814, 8 Ann. Cas. 320; Law v. State, supra; Mayor, etc., of Ensley v. Cohn, supra); and (3) the Legislature is not inhibited from shaping up and working out the details of local legislation by amending bills when presented for consideration and passage.

In the application of these rather general principles, there seems to be much room for conflicting opinion, and, indeed, we have some cases of more than doubtful consistency; the point of departure being in the appraisal of the elemental and substantial features on the one hand, and of the subsidiary and nonsubstantial on the other.

What will suffice for a statement of the *subject* of an act under section 45 of the Constitution may and usually would be wholly insufficient for a statement of the *substance* of the act under section 106. A confusion of these two distinct requirements would obviously destroy the appropriate operation of these respective constitutional provisions.

So, also, while more or less general provisions of the advertised *substance* of the act may be shaped up or elaborated by the Legislature before its final passage, by amendments which are consistent with that substance, the substance itself, as advertised, cannot be thus *materially* changed or contradicted.

The decisive inquiry, then, in this case is, Did the amendment of the bill as above stated work a material change in, or contradiction of, the substance of the bill as advertised, that is, did the appropriation of the entire gasoline fund materially change or contradict the notice given to the public that only *three-fourths* of that fund would be appropriated to the purposes of the act?

[5] A very thorough consideration of this question has irresistibly driven us to the conclusion that the amendment was a material and contradictory alteration of the advertised substance of the bill, which rendered the act fatally offensive to the constitutional requirement, and which, therefore, demands the sentence of nullification by this court. If any advertised provision of a proposed bill can be changed to the extent of 33 per centum, or 25 or less per centum, of its operative effect, no line could be drawn by the courts beyond which such changes could not be extended; and, if one such provision could be thus changed, every provision could be. The result would be the complete devisceration of section 106 of the Constitution. Courts reluctantly annul legislative acts, but annulment is an unavoidable duty when they offend constitutional inhibition.

We have not overlooked the case of Mayor, etc., of Ensley v. Cohn, 149 Ala. 316, 42 So. 827, where it was held that the advertisement of a bill to alter municipal boundaries, which specified the boundaries proposed to be adopted, could be amended before passage by the specification of materially different boundaries. It will suffice to say that we are convinced the law was misapplied in that case, and we are unwilling to follow it now.

It results that the judgment of the circuit

court granting the writ of mandamus is free from error, and it will be affirmed.

Affirmed.

All the Justices concur, except GARDNER, J., not sitting.