(121 So. 696)

## FUQUA v. CITY OF MOBILE. (1 Div. 512.)

Supreme Court of Alabama. Oct. 4, 1928.

Rehearing Denied Oct. 25, 1928.

See, also, 121 So. 693.

Smiths, Young & Johnston, of Mobile, for appellant.

Vincent F. Kilborn, of Mobile, for appellee.

**2**

GARDNER, J. The Court of Appeals held as a valid enactment and free from any constitutional inhibition the Act of August 11, 1927 (Local Acts 1927, p. 150), entitled:

"An act to alter and rearrange the boundary lines of the city of Mobile in the state of Alabama, so as to include within the corporate limits of said city certain territory not included therein."

Petitioner, a merchant engaged in business and owning real and personal property within the new territory added to the city by said act, and interested as a taxpayer, by appropriate proceedings challenges the constitutional validity of said act as violative of that portion of section 45 of the Constitution of 1901, which provides that "each law shall contain but one subject, which shall be clearly expressed in its title." The determination of this question requires an examination of the language employed in the body of the act, so as properly to determine its relation to that of the title. State ex rel. Porter v. Crook, 126 Ala. 600, 28 So. 745.

The cause was tried upon an agreed statement of facts, to which as an exhibit is attached a map of the city of Mobile, showing the territory added thereto by the provisions of the act. But this map likewise discloses a large area, theretofore constituting a part of the corporate limits of Mobile, as excluded therefrom under this act, estimated as 5½ square miles in one direction and 23 acres in another. It therefore appears that the Legislature, under the title of an act to alter the boundary lines of Mobile, *so as to include* within the corporate limits certain territory not included therein, has passed an act, not only adding new territory to the city, but excluding therefrom a large area theretofore embraced in the corporate limits.

One of the purposes of this constitutional provision was to prevent surprise or fraud upon the Legislature by means of provisions in bills of which the title gives no intimation, and which might, therefore, be overlooked and carelessly and unintentionally adopted. Lindsay v. U. S. Sav. & Loan Ass'n, 120 Ala. 156, 24 So. 171, 42 L. R. A. 783; Ballentyne v. Wickersham, 75 Ala. 533. The question here involved is fully discussed in these authorities, and needs no reiteration here.

In the recent case of First Nat. Bank v. Smith, 217 Ala. 482, 117 So. 38, the question was treated at some length, and the following excerpt from Ex parte Pollard, 40 Ala. 99, there quoted:

"The object of the constitutional provision was to prevent deception by the inclusion in a bill of matter incongruous with the title. * * * The question must always be whether, taking from the title the subject, we can find anything in the [act] which cannot be referred to that subject. If we do, the law embraces a subject not described in the title."

In discussing the question the court, in First Nat. Bank v. Smith, supra, referred to the case of First National Bank v. Hagood, 206 Ala. 308, 89 So. 497, and to the fact that the title there involved was narrow and restricted, and the subject-matter of the act was therefore necessarily so confined.

A like situation is here presented. The title of the act is narrow and restricted. It is not an act to alter and rearrange the boundaries of Mobile, but one to so alter the boundaries as to embrace new territory, and by its language is expressly confined thereto. The language of the title is to alter the boundaries of Mobile, "so as to include within the corporate limits" new territory; the words "so as," in this connection, meaning "in this manner," or "in this way." See Webster's New International Dict. "so," p. 1896, "as" p. 133; Blanton v. State, 1 Wash. 265, 24 P. 439.

We think it requires no argument to demonstrate that one reading such a title would not be led to suspect that the body of the act would be so far extended beyond the title as also to provide for an exclusion from the corporate limits a very large area then constituting a part thereof. The conclusion here reached is supported by the following, among other of our authorities: Bassett v. Nelson, 210 Ala. 663, 98 So. 715; First Nat. Bank v. Hagood, 206 Ala. 308, 89 So. 497; Wallace v. Ball, 205 Ala. 623, 88 So. 442; Coxwell v. Mims, 197 Ala. 356, 72 So. 540; Dowling v. City of Troy, 173 Ala. 468, 56 So. 118; Thompson v. Town of Luverne, 125 Ala. 366, 29 So. 326; Sanders v. County Court of Com'rs, 117 Ala. 543, 23 So. 788; Board of Revenue v. Roberts, 200 Ala. 456, 76 So. 388; State v. So. Rwy. Co., 115 Ala. 250, 22 So. 589; Lindsay v. U. S. Sav. & Loan Ass'n, supra; Ballentyne v. Wickersham, supra.

We recognize fully that this conclusion should not be reached, "except by argument characterized by liberality of construction and freedom from all nice verbal criticism" (Ex parte Pollard, supra; Glasscock v. State, 159 Ala. 90, 48 So. 700), and that this section of our Constitution has been interpreted in a "broad and liberal spirit," to the end that there should be no unreasonable restraint on important legislation (Lovejoy v. City of Montgomery, 180 Ala. 473, 61 So. 597).

But, as said by this court in First Nat. Bank v. Hagood, supra:

"We have no discretion to overlook the requirement of the fundamental law; no right to mitigate the effect of its plain language."

The title of the act here in question is narrow and restrictive. The subject-matter goes far beyond the title, and, indeed, embraces matter the antithesis thereof.

Counsel for the city cite, and lay stress upon, Mobile Transportation Co. v. City of Mobile, 128 Ala. 335, 30 So. 645, 64 L. R. A. 333, 86 Am. St. Rep. 143, overlooking for the moment that this authority was expressly overruled in Mobile Dry Docks Co. v. City of Mobile, 146 Ala. 198, 40 So. 205, 3 L. R. A. (N. S.) 822, 9 Ann. Cas. 1229, which latter case tends strongly to support the conclusion here reached.

We are unable to escape the conclusion that the act here in question plainly violates the above-noted constitutional provision.

It is not suggested by counsel that, with the objectionable feature stricken from the body of the act, there would still remain an act complete within itself, sensible, capable of being executed, wholly independent of that which is rejected (State v. Davis, 130 Ala. 148, 30 So. 344, 89 Am. St. Rep. 23), and therefore the entire act should not be declared invalid. We have nevertheless considered that feature and conclude it is without merit. The substance of section 1 of the act is to fix the boundaries of the city of Mobile, and of section 2 that the boundary so fixed in the first section is established as the corporate limits. There can be no segregation of the excluded territory from the new or added territory by any practical method with reference to the language of the act. It is all embraced and intermingled in one section, and the rule of State v. Davis, supra (recognized in numerous other decisions), cannot be applied. It must result, therefore, that the act must fall in its entirety.

This is the only question decided by the Court of Appeals, and therefore the only matter here presented for consideration.

The writ is awarded, the judgment of the Court of Appeals is reversed, and the cause remanded to that court, to be proceeded with in accordance with the views herein expressed.

Writ awarded; reversed and remanded.

All the Justices concur.