# Chambers *v.* Stringer.

*Proceeding to compel Delivery of Property of Office to Successor.*

1. *Code of 1876; § 206 et seq; who subject to remedy, prescribed by.*—A county treasurer, refusing or failing on demand to surrender to his successor the property and books of the office is subject to the remedy provided by sections 206–212 of the Code of 1876; and such remedy is not to be embarrassed by questions of mere pleading, or by inquiry into the regularity of the proceedings by which one party may have been removed, or the other inducted into office.

2. *Same; who entitled to remedy provided by.*—The only inquiry in a proceeding under these sections is, has the party complaining a clear *prima facie* right to the office, and has the party complained against, possession of the property, neglecting and refusing, after demand made, to surrender it; and for all the purposes of such proceeding, a commission from the Governor founded either on a certificate of election or a vacancy, is a sufficient title to require the order of delivery to be made.

3. *Trial by jury; in what case not allowed*—Under these sections of the Code, the judge of the Circuit Court is the sole trier of the facts, and is without authority to empannel a jury; the constitutional guaranty of trial by jury not extending to cases of this character.

APPEAL from Talladega Circuit Court.

Tried before Hon. JOHN HENDERSON.

This was a proceeding under the statute, commenced by the appellee, Phillip G. Stringer, as treasurer of Talladega county, to compel the appellant, George W. Chambers, his predecessor in office, to deliver to him the books and papers belonging to such office. The complaint alleged that the appellee was the county treasurer, having been duly appointed and qualified, and that he was entitled to the possession of all the books, papers, and property belonging to such office. The petitioner further averred that certain books and property belonging to the office were in the possession of the appellant, who was the immediate predecessor of appellee in the office, and that subsequent to his appointment and qualification he

[Chambers v. Stringer.]

had demanded possession of such property, which had been refused. Upon the filing of this petition, the Circuit Judge, Hon. John Henderson, made an order requiring the appellant to show cause before him on a certain day, why he should not be compelled to deliver up the books and property of the office. On the day appointed the appellant appeared and pleaded: 1. "That the Circuit Judge had no power to hear and determine this cause, until the right of the plaintiff, Phillip G. Stringer, to the office of county treasurer of Talladega county shall have been judicially ascertained in the mode provided by law, and defendant avers that no such judicial ascertainment has ever been made." 2. That "the defendant was duly elected county treasurer of Talladega county in November, 1874, and that he gave bond and qualified as such according to law, and entered upon the discharge of his duties, and has continued in the discharge thereof from some time in November, 1874, until the present ; and this defendant avers that there is no vacancy in the office, nor was there any on the 17th day of May, 1876, on which day the Probate Judge certified to the governor that there was a vacancy in such office," &c. The plea then avers the making of an order, by the court of county commissioners, on the 10th day of April, 1876, fixing the amount of the treasurer's bond at twenty thousand dollars, and that in obedience to such order, the defendant, on the 10th day of April, 1876, presented to the Judge of Probate a bond for that amount, which that officer declined to approve or disapprove, or to take any action whatever upon it. 3. "That Phillip G. Stringer has not been appointed county treasurer of Talladega county." A demurrer to the first of these pleas was sustained, and issue joined on the other two. Thereupon the defendant demanded a jury to try the issue, which the judge refused to allow, and proceeded to hear said petition, and the defendant excepted. The appellee then offered in evidence a commission appointing him treasurer for the county of Talladega, dated May 30th, 1876, and signed " Geo. S. Houston, Governor." This evidence was objected to on the ground : 1. That it was on its face illegal. 2. That there was no evidence of a vacancy in the office of county treasurer. 3. Because it does not show that Phillip G. Stringer has been appointed county treasurer of Talladega county. The judge overruled these objections, and the defendant excepted.

The appellee then offered in evidence the certificate of the Probate Judge that a vacancy existed in the office of county treasurer, and an official bond given by appelllee and properly approved, and his oath of office. This evidence was objected to, on the ground that it was illegal and irrelevant ; but the

[Chambers v. Stringer.]

court overruled the objections, and the defendant excepted. The plaintiff then proved that he had, in writing, demanded of the defendant possession of the books and property of the office, which the defendant had declined to deliver to him. The defendant introduced evidence bearing on the legality of the action of the Probate Judge, which, in the view of the case taken by this court, need not be further noticed. The Circuit Judge made an order that the defendant deliver possession of the property to the plaintiff, from which order this appeal is prosecuted.

GEORGE W. PARSONS, for appellant.

JOHN T. HEFLIN, *contra*.

BRICKELL, C. J.—The proceeding was instituted by the appellee as county treasurer of Talladega county, to compel appellant, his predecessor in his office, to deliver the books, papers, property and money pertaining to the office, and is founded on the statute.— Code of 1876, § 206–12. There can be no doubt that a county treasurer refusing or neglecting on demand to surrender to his successor, the books, property, papers and money of the office is within the purview of the statute, and subject to the remedy it prescribes. It is equally manifest that it is not contemplated the statutory remedy shall be embarrassed by questions of mere pleading, or by collateral inquiries into the propriety or regularity of the proceedings by which the one party may have been displaced from, and the other inducted into office. The whole inquiry is, has the party complaining a clear *prima facie* title to the office, and a consequent right to the custody of the property of the office, and has the party complained against, possession of the property, neglecting and refusing, after demand made, to surrender it.

For all the purposes of this proceeding, a commission from the governor, founded on a certificate of election, or a certificate from the proper authority disclosing a vacancy, is an unassailable title, on which the court must act, and compel the delivery of the property of the office. There can be no further or other inquiry into the title to the office. The proceeding is not designed to test the strength of rival or opposing titles to the office. The law provides other and more efficient remedies for that purpose.—*Thompson v. Holt,* 52 Ala. 491; *Plowman v. Thornton, ib.* 559.

The judge is the sole trier of the facts under the statute, and is without authority to empannel a jury. The constitutional guaranty that the trial by jury shall remain inviolate,

[Myers v. The State.]

does not extend to cases of this character.—*Boring v. Williams*, 17 Ala. 510.

The Circuit Judge seems to have conformed his action to the statute, and his judgment is affirmed.