# Law *v.* The State.

*Habeas Corpus Proceedings.*

1. *Act creating Houston County; notice of intention to apply for the passage of the law creating said county sufficient.*—The notice given of the intention to apply to the Legislature of the State of Alabama of 1903, for the passage of a law creating a new county out of portions of Henry, Dale and Geneva Counties, was sufficient under Section 106 of the Constitution, and was not subject to constitutional objections, because it failed to state the boundaries of the new county, as defined and fixed in the act.

Appeal from the Order of the Judge of the Twelfth Judicial Circuit.

Heard before the Hon. H. A. Pearce.

The appellant in this case, Gus Law, was arrested and imprisoned in the county jail of Houston county, by virtue of a warrant issued by the Hon. George Leslie, who was the judge of probate and county judge of said county. While so imprisoned, the said Law filed his petition addressed to the Hon. H. A. Pierce, judge of the 12th judicial circuit, for a writ of habeas corpus, for the purpose of being discharged from such imprisonment. The grounds of the discharge, as set forth in the petition,

was that the act of the legislature of Alabama of 1903, creating Houston county, was unconstitutional and void in that said act was a local act, and that the notice given of the intention to introduce the act creating said Houston county in the legislature was insufficient and not such notice as required by Section 106 of the Constitution of 1901.

Upon the hearing of the *habeas corpus* the petition was dismissed and the prisoner was remanded to the custody of the sheriff of Houston county. From this judgment and order the petitioner appeals.

R. D. CRAWFORD, for appellant, cited *Wallace v. Board of Revenue,* 37 So. Rep. 323.

MASSEY WILSON, Attorney-General, and ESPEY & FARMER, for the State.

DOWDELL, J.—The principal, and we might say, the only question presented for our consideration and determination, is one that involves the validity of the act of the legislature creating the new county of Houston.

The only insistence against the validity of the act, is based upon the theory of a failure to give the notice as required in § 106 of the Constitution. And that such failure to comply with the requirements of said section as to notice, consisted in the omission to state the substance of the proposed law in the notice that was given. The sole question then is, did the notice which was given contain a statement of the substance of the proposed law, or in other words, was the statement of the substance of the proposed law as contained in the given notice within the contemplation of the constitutional provision. It is not questioned that the requirements of the Constitution in all other respects were complied with in the enactment of the statute under consideration.

The notice given was as follows: "To whom it may concern." "You will take notice that at the next session of the legislature of the State of Alabama an application will be made for the passage of a law to create a new county out of portions of Henry, Dale and Geneva

counties, which new county will be called "Liberty," and to define and fix the boundaries of said new county." This December 29, 1902," signed by G. H. Malone and others.

That part of section 106 of the Constitution pertinent to the question before us reads as follows:    *    *    *    * "which notice shall state the substance of the proposed law," etc. .

Section 39 of Article 2 of the Constitution under the head of State and County Boundaries, is as follows: "Section 39. The legislature may by a vote of two-thirds of each house thereof arrange and designate boundaries for the several counties of this State, which boundaries shall not be altered, except by a like vote; but no new county shall be formed hereafter of less extent than six hundred square miles, and no existing county shall be reduced to less than six hundred square miles; and no new county shall be formed unless it shall contain a sufficient number of inhabitants to entitle it to one representative under the ratio of representation existing at the time of its formation, and leave the county or counties from which it is taken with the required number of inhabitants to entitle such county or counties, each, to separate representation; provided, that out of the counties of Henry, Dale and Geneva a new county of less than six hundred square miles may be formed under the provisions of this article, so as to leave said counties of Henry and Dale and Geneva with not less than five hundred square miles each."

The title of the act in question reads as follows: "To create out of the counties of Henry, Dale and Geneva a new county, to be called Houston, and to define the boundaries thereof."—Local Acts, 1903, p. 225. This act contains two sections. By the first section the new county is declared created out of the counties of Henry, Dale and Geneva, and is given the name of Houston. In the second section, the boundaries of the new county are defined.

The insistence is, that the notice of the proposed law should have stated the boundaries of the new county as defined and fixed in the act, and failing in this, the notice

failed to state the substance of the proposed law, as required by § 106 of the Constitution.

In the case of *Wallace v. Board of Revenue,* 37 So. Rep. 321, having under consideration that provision in § 106 of the Constitution with which we are dealing, this court in an opinion by Justice HARALSON, among other things said:   *   *   *   "Any notice, therefore, which falls short of advising the public of the substance of such legislation, would be deceptive or misleading, depriving those opposed to it, of a fair opportunity to protest against and oppose its enactment."

"The word 'substance' as employed in the section cannot be said to be synonymous with 'subject', or mere purpose.   It means "the essential or material part, essence, abstract, compendium, meaning Worcester's Dictionary."   The opinion then referring to the debates had on the subject in the constitutional convention, quotes the reply of the chairman of the committee, to an enquiry by one of the members on the floor, as to the meaning of the terms "substance of the proposed law" as employed in the section, which reply by the chairman was: "The committtte did not desire that the community should be misled as to the purpose of the law, and sometimes the caption of the law is very misleading, and it was to obviate advantage being taken of the public in the matter that it was written as it is."   "The section was then adopted."   Following this Justice HARALSON, in his opinion, says:   "From this it would seem that it was intended that the essential or material part, the essence, the meaning, or an abstract or compendium of the law, was to be given, and not its mere purpose or subject."   It was further said in that case, "The title of a bill may give notice of its substance, but most often it does not."   That is to say, that the substance of a bill may be contained in its title, which we think is true in this case we have before us.

The Constitution expressly authorizes the creation of a new county out of the counties of Henry, Dale and Geneva, and in so doing fixes a minimum limitation of territorial area of the remaining counties from which the new county is created at five hundred square miles,

5c

which is different from the provision as to all other counties, in that the minimum territorial area in such other counties is fixed at six hundred square miles. Section 39 also provides that the legislature "may by a vote of two-thirds of each house thereof, arrange and designate boundaries for the several counties of this State," etc, and this is applicable to any new county that may be created.

Does the notice which was given state the "essence, the meaning or an abstract or compendium of the proposed law?" If so, then there was a compliance with the requirement of the provision in the Constitution. The substance of the proposed law was the creation of a new county, and the territory from which it was to be taken. The notice fully informed the public, and especially those in the locality to be affected,—the citizens of the counties of Henry, Dale and Geneva, of what was to be done. It informed them that a new county was to be created from a certain territory, viz: from the counties of Henry, Dale and Geneva. And everybody knew that the Constitution required the legislature to fix and define the boundaries. In so far as the purpose of the law, as to giving an opportunity to those in the locality to be affected is concerned, in order that such as might chose to do so, should have an opportunity to contest and oppose the enactment of the proposed law, the notice given amply met the requirement of the Constitution in this respect. There was nothing in any conceivable way that could be considered as misleading or deceptive in the notice.

In the case of the *State ex rel Covington v. Thompson*, decided at the present term, this court, speaking through Justice SIMPSON, said: "Constitutions are made for practical purposes, and not merely for the exercise of critical gymnastics, and in the construction of them we are to take into consideration the conditions which confronted the constitution-makers, and we are, if possible, to give the instrument such construction as will carry out the intention of the framers, and make it reasonable rather than absurd."

The creation of new counties when conditions should so authorize, is clearly contemplated in the Constitution, and as to the new county in question is expressly provided for in § 39, and this is one of the "practical purposes" for which it was made. In applying the provision contained in § 106, requiring the notice to state the "substance of the proposed law," to the case we have in hand, a construction of the above provision that would, in all reason, practically operate to prevent the creation of the new county, would be absurd rather than fair and reasonable. If in stating the "substance of the proposed law" in a notice given by private persons, for the creation of a new county, it be required that the boundaries of such proposed new county shall be "fixed and defined" in such notice, for reasons that naturally and readily suggest themselves to the common mind, it would become next to, if not impossible, to ever create a new county in this State, every change made by the legislature in fixing and defining the boundaries from that given in the notice, would be fatal to the enactment of the statute.

The notice here given for the creation of a new county out of the counties of Henry, Dale and Geneva, states the essence, abstract or compendium of the proposed law, and in this, we think, within the meaning of § 106 of the Constitution, stated the "substance" of the law. It was never intended that the required notice should state the proposed law in its entirety. The boundaries to be "fixed and defined" by the legislature were matters embraced in and covered by the "essence," "abstract," or "compendium," *substance* stated in the notice. Taking into consideration the object and purpose of the provision contained in § 106, as to the statement of the notice of the "substance" of the proposed law, and the character of the act under consideration, and the express provision made in the Constitution in reference to the creation of this county out of the particular counties, our conclusion is, that the notice sufficiently complied with the constitutional requirements in stating the substance of the law.

[*Ex parte* Bettis.]

It follows from what we have above said, that the judgment appealed from must be affirmed.

Affirmed.

McCLELLAN, C.J., TYSON, SIMPSON, ANDERSON and DENSON, J.J., concurring.