# Tillman v. Porter.

*Proceeding to compel Officer to Turn Over Books.*

1. *Constitutional law; validity of act establishing inferior court of Bessemer.*—A published notice that "a bill will be introduced in the next session of the legislature of the State of Alabama, to create and establish an inferior court in the city of Bessemer in precinct 33, Jefferson county, with both civil and criminal jurisdiction, as provided by sections 130

[Tillman v. Porter.]

and 158, article 7 of the Constitution of the State," does not
state the substance of the local act passed by the legislature
establishing an inferior court of Bessemer in lieu of all jus-
tices of the peace of precinct 33 (Local Acts, 1903, p. 482);
and said act establishing the inferior court of Bessemer is
therefore unconstitutional and void.

APPEAL from the City Court of Bessemer.

Tried before the Hon. WILLIAM JACKSON.

The proceeding in this case was instituted by the ap-
pellee, W. F. Porter, under Section 3134 of the Code of
1896, to compel the appellant, S. J. Tillman to deliver
to the petitioner certain books and papers pertaining to
the office of the justice of precinct 33 of Jefferson county,
which office was held by the respondent Tillman at the
time of and after the passage of an act of the legislature
to establish an inferior court in precinct 33 of Jefferson
in lieu of all justices of the peace in said precinct. The
petitioner pleaded that he had been duly and regularly
elected to the judge of said inferior court, and that the
respondent refused upon his demand to turn over to him
the books and papers formerly used by him and belonging
to the office of the inferior court of Bessemer. There
were many motions and demurrers interposed, but under
the opinion on the present appeal, it is unnecessary to
set these out in detail.

The respondent set up by special pleas that the act
establishing the inferior court of Bessemer was unconsti-
tutional and void, because said act was a local act with-
in the meaning of the constitution, and that the notice
given of the introduction of said act of the legislature
was insufficient. The notice referred to was set out in
the special pleas, and was in words and figures as fol-
lows: "Notice to the Public. A bill will be introduced
in the next session if the Legislature of the State of Ala-
bama, to create and establish an inferior court at the City
of Bessemer, in precinct thirty-three, Jefferson county,
with both civil and criminal jurisdiction as provided by
sections 130 and 158, Article 7, of the Constitution of the
State."

Motion was made by the petitioner to strike the special pleas from the file, and the motion was sustained. To such ruling the respondent duly excepted. The cause was tried by the court without intervention of a jury, and a judgment was rendered in favor of the petitioner, ordering the respondent to turn over to the petitioner the books of his office.

The respondent appeals and assigns as error the rulings of the trial court, to which exceptions were reserved.

B. C. JONES, for appellant.—Cited *Lancaster v. Gafford*, 139 Ala. 372; *Wallace v. Board of Revenue Jeff. Co.*, 140 Ala. 491, 37 Sou. Rep. 321.

W. F. PORTER, *contra*.

SIMPSON, J.—Without going into the various points raised by the pleadings, it is evident that the Act of the Legislature (Local Acts of 1903, p. 482) being entitled "An Act to establish, in precinct 33, in Jefferson county, Alabama, an inferior court in lieu of all justices of the peace in said precinct, to be known as the Inferior Court of Bessemer, to define the jurisdiction and powers of said court and the judge thereof," approved October, 1st, 1903, is void, by reason of a failure to comply with the provisions of the Constitution of Alabama.—Art. IV. § 106.

The act is clearly a local act, within the definition of Art. IV, § 110, and the notice given, does not state "the substance of the proposed law." A very important part of the substance of the law, is the abolition of the office of justice of the peace, and the substitution of the proposed court therefor, which is not intimated in the notice, and the reference to sections 130 and 158, Art. 7 of the Constitution is wholly misleading.

The judgment of the court is reversed and a judgment will be here rendered dismissing the petition, and taxing the costs against the petitioner, W. F. Porter.

Reversed and rendered.

McCLELLAN, C. J., TYSON and ANDERSON, J. J., concurring.