(93 South. 650)

### JARMAN, Judge, et al. v. BENNETT.
### (2 Div. 792.)

(Supreme Court of Alabama. June 8, 1922.)

**1. Statutes ⬥47—Act creating election districts held not void for uncertainty.**

Under Act Nov. 1, 1921 (Acts Sp. Sess. 1921, p. 77), creating several election districts, each of which was made up of one or more precincts, and creating "district No. 3, composed of York," that there was a town named York, and also a precinct called York, did not make the act void for uncertainty, as the context required the apposition of "precinct" after each name enumerated.

**2. Statutes ⬥8½(2)—Notice of substance of act for increasing members of county court and providing for their election held not to vary therefrom so as to violate Constitution; "precinct."**

Though Act Nov. 1, 1921 (Acts Sp. Sess. 1921, p. 77), amending Act Feb. 22, 1919 (Loc. Acts 1919, p. 51), by increasing the numbers of Sumter county court of commissioners, and prescribing six election districts for the county, provides that "only the qualified electors residing in the district from which the member is to be elected shall be eligible to vote for such member," and the published notice required by Const. 1901, § 106, as to the substance of the act, recites that "the associate member [is] to be elected by the qualified voters of his precinct," the notice does not vary therefrom, so as to violate the Constitution, since the word "precinct" is usually applied to election districts created for convenient localization of polling places for voters within their limits, and the purpose of the notice in this case is merely to inform the public that the existing system of electing several members from the county at large by all the voters thereof was to be changed to a system of local territorial election, for which purpose, as the notice plainly states, districts were to be created.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Precinct.]

Appeal from Circuit Court, Sumter County; R. I. Jones, Judge.

R. C. Bennett filed his petition for a writ of mandamus directed to P. B. Jarman, as Judge of Probate, and to Thos. F. Seale, as Chairman of the Democratic Executive Committee of Sumter County, Ala. From a judgment for petitioner, defendants appeal. Reversed, rendered, and remanded.

Patton & Patton, of Carrollton, and Thos. F. Seale, of Livingston, for appellants.

The notice advised the public of the substance of the proposed law and its most important features, and this is all that is required. 170 Ala. 165, 54 South. 283; 171 Ala. 52, 54 South. 1001; 199 Ala. 287, 74 South. 374; 38 South. 679; 204 Ala. 615, 87 South. 99.

---

Robert R. Wallace, of York, and D. M. McDonald, of Ward, for appellee.

Notice incorrectly stating the substance of the proposed act, the act was void. 140 Ala. 491, 37 South. 321.

SOMERVILLE, J. The petitioner R. C. Bennett, seeks by the writ of mandamus to compel T. F. Seale, as chairman of the county Democratic executive committee of Sumter county, to receive his declaration of candidacy for member of the board of revenue of the county in the August, 1922, primary election, and also to compel the probate judge of the county to receive and file his statement in relation thereto, as required by the Corrupt Practice Act of June 9, 1915.

By the act approved February 22, 1919 (Local Acts 1919, p. 51), the court of county commissioners of Sumter county was abolished, and in its stead there was created a board of revenue, composed of a president and four associate members, all to be elected from the county at large. By the act approved November 1, 1921 (Special Session Acts 1921, p. 77), the former act was amended by increasing the number of members from five to seven, by prescribing six election districts for the county, and by providing for the election of a president of the board from the county at large, and one associate member from each district, to be elected by the qualified voters of his district only. Under the provisions of this act there is to be an election in 1922 of associate members severally from districts 1, 2, 3, and 6, and in 1924 associate members are to be elected severally from districts 4 and 5.

For the purposes of this proceeding it is agreed that the petitioner is a resident of district 4, from which there is an incumbent now on the board, whose term does not expire, under the act of 1921, until January, 1925.

A demurrer to the petition was overruled by the trial court, and the appeal is from that judgment.

The theory upon which the petition is sought to be sustained is that the act of 1921 is unconstitutional, and of no effect, and that, under the act of 1919, which remains in force, he is entitled to become a candidate for associate member of the board from the county at large; and counsel on both sides are agreed that, if the act of 1921 is not unconstitutional, the demurrer to the petition should have been sustained.

[1] 1. It is first insisted for petitioner that the act is void for uncertainty, in that, in creating the several districts, each of which is made up of one or more beats or precincts, it creates "district No. 3, composed of York." The argument is that there is in the county a town named York, and also a precinct called York, and it is uncertain which of the two is referred to. This contention is entirely without merit. The subject being precincts, the allusion could not possibly be to the town of York; and, indeed, the context clearly requires the apposition of "precinct" after each of the names enumerated.

[2] 2. The main contention, however, is that there is a fatal variance between the published notice of the substance of the proposed act and the substance of the act itself, in violation of section 106 of the Constitution. The only variance pointed out is that, whereas the notice recites that "the associate member [is] to be elected by the qualified electors of his precinct," the act itself provides that "only the qualified electors residing in the district from which the member is to be elected shall be eligible to vote for such member." This objection to the validity of the act is hypercritical, and rests upon a misconception of the constitutional requirement. The purpose of the notice, in this particular, was merely to inform the public that the existing system of electing the several members of the board of revenue from the county at large, by the votes of all the qualified electors of the county, was to be changed to a system of local territorial election, for which purpose, as the notice plainly stated, districts were to be created.

The word "precinct" means, according to the New Standard Dictionary, "a minor territorial or jurisdictional division or jurisdiction; the limits of * * * an election district." In this state it is usually applied to the election districts created for the convenient localization of polling places for voters within their limits; and, ordinarily, nothing to the contrary appearing, it would be so understood. But in this notice, as shown by the subject-matter and the context, it was manifestly used in the sense merely of territorial division with reference to the six districts necessarily to be created by the proposed act. It is inconceivable that the public could have misunderstood its true meaning, or have been in any way misled by the use of the word "precinct" in that connection. Indeed, so far as terminology is concerned, the Legislature might just as well and aptly have designated these six territorial divisions of the county as "precincts," save only for the confusion that might result from the coexistence of general election precincts along with special precincts relating only to the selection and election of members of the board of revenue. In the act the divisions were called "districts," but it was a matter of terminology and of detail only, and we hold that the substance of the act was sufficiently indicated in this respect by language of the published notice, within the requirement of section 106 of the Constitution.

The judgment of the circuit court will be reversed, and a judgment will be here rendered sustaining the demurrer to the petition.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.