(107 So. 854)

## HEAD v. HOOD. (6 Div. 534.)

(Supreme Court of Alabama. March 25, 1926.)

**1. Elections ☞267—Certificate of election is conclusive evidence of result and right to office in proceeding under Code 1923, §§ 2683, 2684.**

In mandamus under Code of 1923, §§ 2683, 2684, to compel former incumbent to deliver over attributes of office to which complaining party might have been legally elected or appointed, certificate of election is conclusive of result of election and right of person to office.

**2. Quo warranto ☞55.**

Certificate of election is merely prima facie evidence of result in proceeding by quo warranto.

**3. Evidence ☞45.**

Certificate of election, filed for record, is matter of judicial cognizance.

**4. Schools and school districts ☞48(3).**

Ipso facto vacation of office of county superintendent of education can occur only under direct provisions of Code 1923, §§ 2607, 2610, and Loc. Acts 1923, p. 237.

**5. Schools and school districts ☞48(3)—In absence of legally effected vacancy certified to appointing power by state board of education or disqualification of electee operating ipso facto as vacation, appointment by county board of county superintendent of education held not prima facie title to office (Gen. Acts 1919, p. 583, art. 5, § 5; Loc. Acts 1923, p. 237).**

In absence of legally effected vacancy of office of county superintendent of education, certified to appointing power by state board of education, or creation of vacancy ipso facto by disqualification of electee, appointment by county board and qualification thereunder held not prima facie showing of title to office, in view of Gen. Acts 1919, p. 583, art. 5, § 5; and Loc. Acts 1923, p. 237.

**6. Statutes ☞8½(2)—Nominal omission of immaterial provisions from local advertisement of Loc. Acts 1923, p. 237, held not violative of Const. 1901, § 106.**

Nominal omission in local advertisement of immaterial provisions of Loc. Acts 1923, p. 237, making county superintendent of education elective instead of appointive, held not violative of Const. 1901, § 106, requiring local publication of proposed local laws.

**7. Statutes ☞8½(2).**

Omission from published notice of Loc. Acts 1923, p. 237, of·provisions of section 2, as to nomination of candidates for county superintendent of education, held not violative of Const. 1901, § 106.

**8. Statutes ☞8½(2).**

Omission from published notice of Loc. Acts 1923, p. 237, of provisions of section 5, as to repeal of conflicting laws, held not violative of Const. 1901, § 106.

Appeal from Circuit Court, Blount County; W. J. Martin, Judge.

Petition of Henry C. Hood for mandamus to A. L. Head. From a judgment for petitioner, respondent appeals. Affirmed.

This proceeding is by petition for a writ in the nature of mandamus, by an alleged county superintendent ·of education elect, against a prior incumbent of the office, to compel the latter to deliver to the petitioner the books, papers, furniture, and other property belonging to the office. The petition shows that the petitioner, H. C. Hood, was duly elected county superintendent of education of Blount county on the 4th day of November, 1924; that his election was duly certified to the probate judge by the board of election canvassers; that the probate judge transmitted the report of said· election to the secretary of state; that thereupon the Governor issued to petitioner a commission to assume the duties of said office; that on December 10, 1924, petitioner executed an official bond as required by law, and on the same day filed said bond in the office of the probate judge, which bond was there duly recorded, and a certified copy of it filed in office of the state board of education for that board's approval; and that on December 10, 1924, petitioner filed in the office of the probate judge his official oath, and his nonduelling oath, as required by law. The petition further shows that the respondent Head's term of office as superintendent of education of Blount county expired on the first Monday in July, 1925; that on or about July 7, 1925, petitioner, as such superintendent elect, demanded of respondent, who was in possession thereof, the books, papers, etc., belonging to said office, which demand was refused.

Motion to dismiss the petition, as also demurrers thereto, were overruled; and on final submission, the evidence supporting the allegations of the petition, a judgment was rendered by the circuit court granting the relief prayed for. From these judgments and orders respondent appeals.

Ward, Nash & Fendley, of Oneonta, and John A. Lusk, of Guntersville, for appellant.

Mandamus does not lie to try disputed right or title to an office. Ex parte Lusk, 2 So. 140, 82 Ala. 519; 1 Mayfield's Dig. 607, 612; Ex parte Harris, 52 Ala. 87, 23 Am. Rep. 559; State ex rel. v. Dunn, Minor, 46, 12 Am. Dec. 25; Goodwyn v. Sherer, 40 So. 279, 145 Ala. 501; 1 Spelling, 620. The right of respondent was conclusive until determined by quo warranto. State ex rel. v. Shaver, 54 Ala. 193; Plowman v. Thornton, 52 Ala. 559; Ex parte Scott, 47 Ala. 609. Local Acts 1923, p. 237, is void for failure·of compliance with section 106 of the Constitution. Tallassee v. Toombs, 47 So. 308, 157 Ala. 160;

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
214 ALA.—23

Wallace v. Board of Revenue, 37 So. 321, 140 Ala. 491; State ex rel. Van Deusen v. Williams, 39 So. 276, 143 Ala. 501. The act is vague and uncertain. 25 R. C. L. 810; Ex parte State, 75 So. 910, 200 Ala. 162.

· J. T. Johnson, of Oneonta, for appellee.

When petitioner shows a prima facie title to the office, he is entitled to recover. The certificate of election is prima facie title. Carnley v. Moore, ante, p. 114, 106 So. 604; Chambers v. Stringer, 62 Ala. 596; Thompson v. Holt, 52 Ala. 491; Plowman v. Thornton, 52 Ala. 559; Code 1923, §§ 2582, 2683, 2684; Casey v. Bryce, 55 So. 810, 173 Ala. 129. The county board had no authority to appoint respondent to the office until petitioner was removed therefrom. Const. 1901, § 175; Williams v. State, 72 So. 330, 197 Ala. 40; Touart v. State, 56 So. 211, 173 Ala. 453; Local Acts 1923, p. 237. The notice of the local act met the requirements of the Constitution. State v. Williams, 39 So. 276, 143 Ala. 501; State v. Gunter, 54 So. 283, 170 Ala. 165; Uniontown v. State, 39 So. 814, 145 Ala. 471, 8 Ann. Cas. 320; Christian v. State, 54 So. 1001, 171 Ala. 52.

SOMERVILLE, J. The petition is filed under sections 2683 and 2684 of the Code of 1923 (sections 154 and 155, Code of 1852).

The scope of these statutory provisions, and the nature and limitations of the issues raised by a proceeding thereunder, were fully discussed and settled in the case of Thompson v. Holt, 52 Ala. 502, and the conclusions of law there stated were reaffirmed and applied in Chambers v. Stringer, 62 Ala. 596.

In Thompson v. Holt, supra, Chief Justice Brickell said:

"The commission of the Governor, whether granted on a certificate of election, or a certificate of vacancy, is the highest and best evidence of who is the officer, until on quo warranto, or a proceeding in the nature of quo warranto, it is annulled by a judicial determination. Hill v. State, 1 Ala, 559. * * * It is this commission which imparts to the courts judicial notice, and which informs the community who are clothed with official authority, and bound to official duty. In a proceeding, whether by mandamus or under the statute, to compel the transfer of property attached to a public office, this commission is a clear prima facie title to the office, on which the courts will proceed without indulging any inquiries behind it, when it is founded on a certificate of election, or a certificate disclosing vacancy, made by proper authority. * * * The court must rest on the prima facie title, and award the keeping of the property of the office to this title, for the time being, without adjudicating whether the relator has or not the actual title."

And in Chambers v. Stringer, supra, it was said:

"It is equally manifest that it is not contemplated the statutory remedy shall be embarrassed by questions of mere pleading, or by collateral inquiries into the propriety or regularity of the proceedings by which the one party may have been displaced from, and the other inducted into office. The whole inquiry is, has the party complaining a clear prima facie title to the office, and a consequent right to the custody of the property of the office, and has the party complained against, possession of the property, neglecting and refusing, after demand made, to surrender it?"

[1-3] The same effect has been accorded to a certificate of election, when the office is not one for which a commission is prescribed by law; and, except in a proceeding by quo warranto—when it is prima facie only—such certificate "is conclusive evidence of the result of the election, of the right of the person to the office to which it shows him to have been elected." Moulton v. Reid, 54 Ala. 320. And when the certificate is filed for record it is a matter of judicial cognizance. Casey v. Bryce, 55 So. 810, 173 Ala. 129, 134.

All this, of course, is based upon the assumption that the office in question is one to which the complaining party might have been legally elected, or legally appointed in case of vacancy. Jackson v. Tillman, 42 So. 61, 143 Ala. 145; Tillman v. Porter, 38 So. 647. 142 Ala. 372, where, in a proceeding like this, relief was denied because the local act under which the petitioner claimed to have been elected was unconstitutional and void.

Under the general laws of Alabama (School Code, Gen. Acts 1919, pp. 567, 583, art. 5, § 5), county superintendents of education are appointed by the county board of education. But by a special local act, approved September 24, 1923 (Loc. Acts 1923, p. 237), the county superintendent of Blount county was made elective, beginning with the general election for the year 1924, and every four years thereafter; his term of office to begin on the first Monday in July following the election. The respondent Head attacks the constitutionality of this act on various grounds, and that is in fact the chief question to be determined; since if the act is valid the petitioner is clearly entitled to the relief prayed for, under the principles of law above enunciated.

[4, 5] Before the determination of that question, however, it is proper to notice the respondent's contention that, since the state superintendent of education, in March, 1925, advised the county board of education of Blount county that a vacancy would exist in the office of county superintendent on July 1, 1925, and pursuant thereto the county board, in May, 1925, appointed the respondent to fill the alleged vacancy, whereafter he filed in the office of the probate judge his affidavit of qualifications, his official bond, his nondueling oath, and his oath of office;—this showed prima facie that he was entitled to hold the office until ousted by the judgment of a competent court in a proceeding by

quo warranto. In support of this contention, he cites the case Plowman v. Thornton, 52 Ala. 559. The contention would be sound, and the authority apt, if a vacancy, or rather a condition which legally effected a vacancy, had been certified to the appointing power—the county board— by an officer authorized by law to do so.

Section 2610 of the Code declares that "if any officer required by law to give bond fails to file the same within the time fixed by law, he vacates his office." Section 2607 provides that "such bonds, when required to be filed in the office of any judge of probate, must be filed therein within forty days after the declaration of election, or the appointment to the office." And under both the general laws (School Code, art. 6, § 1), and the special local law for Blount county, which does not change the general laws as to the official bond required, the amount of the county superintendent's bond must be fixed by the state board of education, and "must be filed and recorded in the office of the judge of probate of the county, and a certified copy of the bond must also be filed in the office of the state board of education for its approval." So far as we are advised, this is the only provision of law for the automatic vacation of his office by the default of the officer elect, with respect to the qualifying acts required of him before his assumption of official duties. Except where that result is declared by a statute, it has been held by this court that such a default does not ipso facto vacate the office, though it would be a ground for removal in a proper proceeding. Sprowl v. Lawrence, 33 Ala. 674, 689.

If the probate judge had certified to the appointing power, the county board, that the petitioner had failed to file his official bond in the probate office as prescribed by law, and, perhaps—though we need not, and do not decide the question—if the state board of education, through its executive officer, the state superintendent, had certified that the petitioner had failed to file a certified copy of his official bond in the office of the state board, as required by law, such a certificate would have authorized the county board to proceed to fill the apparent vacancy, and the record evidence of that appointment would have been prima facie evidence of the appointee's title to the office, supervening the apparent antecedent title of the petitioner, and, in this proceeding, superior thereto. But the certificate or declaration of vacancy relied on by respondent does not emanate from the state board of education; nor does the alleged educational disqualification of the petitioner, upon which the declaration of vacancy is based, operate ipso facto as a vacation of the office by him. Very clearly, therefore, the principle declared in Plowman v. Thornton, 52 Ala. 559, is not available to respondent in this case.

[6] The manifest purpose of the special local act of 1923, relating to the county superintendent of education of Blount county, was to change merely the mode of his selection by making the office elective instead of appointive. The first two sections of the act fully effected that purpose, and nothing else was needed. Its other provisions were but affirmatory of the general laws governing the qualifications, duties, and compensation of the superintendent, and might have been omitted without affecting the operation of the act. Leaving those matters under the operation of the general laws was, in legal effect, adopting the provisions of those laws. Nothing suggested in the local advertisement of the proposed act, which was nominally omitted from its expressed terms, was material to its operation as intended, and the voters could not have been deceived by the merely nominal omission of such provisions from the act as adopted. Their inclusion being immaterial, the Legislature properly omitted them as a useless and expensive incumbrance. Hence the omissions complained of do not show a violation of either the letter or the spirit of section 106 of the Constitution requiring local publication of the substance of proposed local laws.

[7] Nor was the inclusion in the act of its section 2, providing for the nomination of candidates for the office as under the general laws, a material departure from the published notice, since, without that section, the general primary law would have governed.

[8] As to section 5 of the act, providing as usual that all laws and parts of laws in conflict with it were repealed, the objection that it was not included in the notice is entirely untenable. It is no part of the substance of the act, and was inserted as a precaution merely, to clarify the intent. So far as the substance of the act is concerned, the published notice indicated clearly what existing law was to be repealed, and to what extent.

We find no error in the judgment of the circuit court, and it will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.