(123 So. 36)

## STATE ex rel. WILKINSON v. ALLEN, Judge. (6 Div. 405.)

Supreme Court of Alabama.   June 13, 1929.

Horace C. Wilkinson, of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith, Mullins & Jenkins, Murphy, Hanna, Woodall & Lindbergh, and Thos. J. Judge, all of Birmingham, for appellee.

FOSTER, J. In this proceeding the constitutionality of the local act approved September 6, 1927, is attacked. This act creates the Birmingham court of common pleas. Local Acts 1927, p. 346. Its purpose is not to create a court of inferior jurisdiction in lieu of justices of the peace, as authorized by section 168 of the Constitution. Such an inferior court, called the municipal court of Birmingham, was then in existence. The municipal court was originally possessed of three divisions, with a judge, clerk, and bailiff for each. The second has been replaced by the Jefferson court of misdemeanors. Local Acts 1919, pp. 134, 135. In an effort to comply with section 106 of the Constitution, the entire proposed act to create the Birmingham court of common pleas was published. The attack made in this case upon said act is that, as passed, it was materially different from the proposed draft thereof as published, in violation of section 106 of the Constitution.

The points of difference are as follows: In the published draft the judge of the Third division of the municipal court was named as the judge of the new court, and his successors were to be elected by the judges of the circuit court (as the judges of the municipal court are selected); he was not required to be learned in the law, nor was an age limit prescribed; and the Third division of the municipal court was to be abolished, and its records transferred to the Second division (which itself had been abolished). Whereas the act as passed provided that the judge and his successors shall be appointed by the Governor; the Third division of the municipal court was left intact, and not abolished; the judge must be learned in the law, and not less than 25 years of age.

In the published draft, the jurisdiction of the court was to embrace all suits at law where the amount involved did not exceed $300; whereas the act as passed conferred jurisdiction of all such suits where the amount exceeds $100 and does not exceed $300.

In the published draft the salary of the clerk was fixed at $2,100 per annum and that of the bailiff at $60 per month; the constables of certain precincts should have authority to execute its process. Whereas in the act as passed the salary of the clerk was fixed at $3,000 per annum, and of the bailiff at $100 per month; the constables were not given power to serve its process, but the sheriff was given such authority.

The question presented, therefore, is whether the substantial features of the published proposed act were materially changed in its passage.

Section 106 of the Constitution has been considered many times by our courts, and four well-defined canons of construction have been firmly settled. They are as follows: "(1) That the 'substance' of the proposed law means, not merely the *subject* of it, but an intelligible abstract or synopsis of its material and substantial elements (Wallace v. Board of Revenue, supra [140 Ala. 491, 37 So. 321]; Law v. State, supra [142 Ala. 62, 38 So. 798]); (2) the substance of the act may be sufficiently stated without stating the details which are subsidiary to the stated elements (City of Uniontown v. State ex rel. Glass, 145 Ala. 471, 39 So. 814, 8 Ann. Cas. 320; Law v. State, supra; Mayor, etc., of Ensley v. Cohn, supra [149 Ala. 316, 42 So. 827]); and (3) the Legislature is not inhibited from shaping up and working out the details of local legislation by amending bills when presented for consideration and passage." (4) "The substance" of the proposed act, "as advertised cannot * * * be materially changed or contradicted." First National Bank v. Smith, 217 Ala. 482, 117 So. 38; State ex rel. Hanna v. Tunstall, 145 Ala. 477, 482, 40 So. 135.

We are concerned here with the third and fourth canons of construction stated above, and their application to the facts of this case. We are confronted with the following questions, therefore: What features of the act constitute its *substance* within the meaning of section 106, and whether there has been a *material* change in any portion thereof from the publication.

The "substance" is said to be the essential and material parts and essence of said proposed law, or an abstract or compendium thereof, such as would give the people affected fair information of what the law is. Christian v. State, 171 Ala. 52, 54

So. 1001; Wallace v. Jefferson County Board of Revenue, 140 Ala. 491, 37 So. 321. It is only such departure from the "substance" as published which is material that will nullify the act.

It has been held that when the notice of a proposed act to create an inferior court in lieu of justices of the peace showed that the jurisdiction would be of suits when the amount involved did not exceed $200 (which was in violation of the Constitution), gave no notice of the nature of the act as passed with $100 as the limit of the jurisdiction (Alford v. Hicks, 142 Ala. 355, 38 So. 752), and in another case when such an act abolished justices of the peace, but the published notice did not so state, the act was nullified (Tillman v. Porter, 142 Ala. 372, 38 So. 647); and, in another case when an act fixed the boundaries of the operation of a prohibition law different from that in the published notice, the act was held to violate section 106 of the Constitution (Brame v. State, 148 Ala. 629, 38 So. 1031). The case of City of Ensley v. Cohn, 149 Ala. 316, 42 So. 827, which did not follow the principle of the foregoing authorities, was held to have misapplied the law and it was not followed. First Nat. Bank v. Smith, supra. The opinion in Ex parte Black, 144 Ala. 1, 40 So. 133, merely held that in a notice to create an inferior court reference need not be made expressly to the jurisdiction thereof, nor the election of its officers, for they were essentials of every court and were understood to be embraced in the act.

The cases of Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839; Cadle v. Bland, 213 Ala. 665, 106 So. 170; James v. State, 21 Ala. App. 295, 107 So. 727; McGehee v. State, 199 Ala. 287, 74 So. 374; Christian v. State, 171 Ala. 52, 54 So. 1001; Law v. State, 142 Ala. 62, 38 So. 798, merely relate to the sufficiency of the published notice, as to whether such notice contains a sufficient statement of the substance of the act; and not whether there has been a change from the published notice.

But in the case of First Nat. Bank v. Smith, supra, an important matter considered was whether there was a substantial variance between the act as advertised and the act as passed. The notice stated that the act would appropriate three-fourths of the proceeds of a local tax to a certain purpose, whereas the act as passed appropriated the entire amount of the proceeds to that purpose. The result reached was that this was a material change from the published notice respecting a substantial feature of the act, and that this fact nullified it. Whereas in a case where the notice showed that the proposed act will make county commissioners elective, and the act provided for them to be elective in their respective *districts*, it was held not such a change as to

be misleading in a material respect. Leonard v. Lyons, 204 Ala. 615, 87 So. 99; Jarman v. Bennett, 207 Ala. 654, 93 So. 650.

It is well understood that the Legislature has the power "to shape up and work out the details of local legislation," and that all such details need not be embraced in the published notice. McGehee v. State, supra; Polytinsky v. Johnston, supra; First Nat. Bank v. Smith, supra. But where such principle has been applied the substance of the legislation was published in general terms. Where, instead of the publication being in general terms, the details of the proposed act are published, this principle has not been given effect.

The case of First Nat. Bank v. Smith, supra, refers to the fact that what would be a sufficient statement of the *subject* of an act in the title to satisfy the requirement of section 45, as to the contents of a title, may be a wholly insufficient statement of the *substance* of the act to satisfy section 106, requiring a publication of notice. Yet, in the case of Fuqua v. City of Mobile (Ala. Sup.) 121 So. 696,[1] which only dealt with the title of an act, it was held that when the title stated that its subject was to include within the corporate limits of a city certain territory, the act cannot stand if it also excludes a large area theretofore embraced. It was said that the title was "narrow and restrictive," and the subject-matter goes beyond its restrictive limits. The subject expressed in the title may be broad or it may be narrow and restrictive. So the substance expressed in a published notice may be broad or narrow and should as a rule extend further in detail than the subject in the title. But with the substance, as with the subject, if it is "narrow and restrictive," the result is the same when the contents of the enactment materially changes its "narrow and restrictive" limits. No statement of the substance could be made which would be more narrow and restrictive than an exact copy of the entire proposed act, though it is a compliance with section 106 of the Constitution (Jacobs v. State, 144 Ala. 98, 40 So. 572). It is said that the purpose of stating the subject in the title is "to prevent deception by the inclusion in the bill of matters incongruous with the title" (Ex parte Pollard, 40 Ala. 99). And "while the requirements [of sections 45 and 106] are not identical, yet their objects are, and their similarity suggests the same general line of reasoning in construing them." State ex rel. Hanna v. Tunstall, 145 Ala. 477, 481, 40 So. 135, 137.

To accomplish these objects section 106 of the Constitution requires that the substance of the act must be published in advance. It cannot have the desired effect if the publi-

---

[1] Ante, p. 1.

cation states details of substantive features different materially from the act as passed. If the details are not published but only the general nature of its substantive features, the public is put upon inquiry as to such de- tails, and bound by a failure to inform it- self, continuing through such changes and amendments as may stay within such sub- stantive features as published. But if the publication gives details, the public need not pursue the inquiry further in respect to such details; for the information is com- plete, and it has the constitutional right to assume that such details will not be ma- terially changed throughout the journey of the bill to its final passage and approval.

■ While in the instant case it may be said that some of the differences between the act as passed and as published are of such unimportant detail as not to be ma- terially misleading, we think some of them are not subject to such comment. State v. Lea, 211 Ala. 68, 99 So. 170; Head v. Hood, 214 Ala. 353, 107 So. 854. On the other hand, considering them altogether, we have concluded that some of the substantial fea- tures of the published act are materially different from what they are in the act as passed. We are not concerned with the ad- visability of any of such changes. We are only called upon to determine whether they are materially variant from the substantial features of the bill as published. We think that both the county authorities and private citizens are directly interested in the changes referred to, and that as to such matters there is likely to be a difference of opinion. Being of this opinion, we find it is necessary to declare that the act offends section 106 of the Constitution, and cannot stand.

It results that the judgment of the cir- cuit court should be reversed and one here rendered in accordance with this opinion.

Reversed and rendered.

All the Justices concur.

