164 So. 562

## STATE ex rel. EDMUNDS v. MOSES et al.

### 4 Div. 837.

Supreme Court of Alabama.
Nov. 14, 1935.

216

Roy L. Smith and J. B. Hicks, both of Phenix City, and H. A. Ferrell, of Seale, for appellees.

Frank M. De Graffenried, of Seale, for appellant.

KNIGHT, Justice.

This is a proceeding in the nature of a quo warranto brought by the state of Alabama, on the relation of Ben Edmunds, against I. I. Moses, Andrew W. Pitts, and W. A. Dozier, and seeks to oust them from office as members of the county commission of Russell county, Ala.

The respondents answered the information, and in their answer undertook to justify their holding as members of the county commission of Russell county, Ala., under a Local Act of the Legislature of Alabama, approved October 14, 1932 (Loc. Acts 1932, Ex.Sess., p. 35). This Act of October 14, 1932, in terms abolishes the board of roads and revenue of Russell county, as then created and existing, and

attempts to establish in lieu thereof a county commission for said county, to consist of three members.

By the act, the constitutionality of which is challenged in this proceedings, Russell county is divided into three "county commission districts." The first district is composed of that part of said county embraced within the beats or precincts "as now existing," and numbered 1, 8, and 9; the second district is composed of that part of the county embraced within the beats or precincts "as now existing," and numbered 2, 7, and 10; and the third district is composed of that part of the county embraced within the beats or precincts "as now existing," and numbered 3, 4, 5, and 6.

The act further provides that on its approval by the Governor, the House of Representatives of Alabama should forthwith select and appoint one member of said county commission from each of said districts, and each of said members so selected and appointed shall be a resident of his respective district; the appointees to hold office until the first Monday after the second Tuesday in January, 1937.

From the answers of appellees it appears that they were elected by the House of Representatives of Alabama, pursuant to the terms of said act, on October 18, 1932, and are now holding and exercising the functions of their said offices under said elections. That they, each, possessed all the qualifications required of them by said act is not questioned. It further appears that the respondents duly qualified for their respective offices, took the required oath, and were duly commissioned by the Governor.

It appears that the Legislature of Alabama (Loc.Acts Ex.Sess. 1932, p. 16) passed an act approved on September 30, 1932, by the Governor, rearranging the boundary line between Lee and Russell counties, and thereby detached certain territory from Lee county and attached it to Russell county. This last-mentioned act went into effect on September 30, 1932, fourteen days prior to the time that the act creating the county commission for Russell county became effective by its terms.

On November 1, 1932, the Legislature of Alabama passed another act (Gen.Acts 1932, Ex.Sess., p. 201), general in scope, providing that county commissioners, boards of revenue, or other like governing bodies of the counties of the state shall have the right and authority to alter and rearrange precinct or beat lines so as to include territory which has been detached from one county and added to an adjoining county of the state, "or to create separate beats or precincts and voting districts in said territory which has been or may be added to a County and detached from an adjoining County."

■ These three acts above mentioned became laws under bills introduced as follows: The Act of September 30, 1932, by the representatives in the lower house from the counties of Lee and Russell; the Act of October 14, 1932, by Mr. Wallace, a member of the house from Russell county; and the last by Messrs. Smith (Lee), Wallace, and Clayton (Russell). These acts, therefore, it would seem are in pari materia, and should be construed together. City of Mobile v. Smith, 223 Ala. 480, 136 So. 851; Fidelity & Deposit Co. of Maryland v. Farmers' Hardware Co., 223 Ala. 477, 136 So. 824.

It appears from the journals of the two houses that notice of the intention to apply for the passage of the Act of October 14, 1932, under which respondents assert title to the offices from which relator would have them excluded, was published only in the county of Russell. That notice of the intention to apply for the passage of the Act of September 30, 1932, rearranging the boundary line between the counties of Lee and Russell was duly published in each of said counties.

The relator demurred to the answer of respondents, and in this demurrer he challenges the constitutionality of the Act of October 14, 1932, abolishing the board of roads and revenue of Russell county, and creating in lieu thereof the county commission for said county. Numerous grounds of demurrer are assigned.

However, in brief of counsel for appellant, we find the following statement: "If the boundary lines of Russell county, as they existed prior to September 30, 1932, had remained in the same condition as when the act, approved October 14, 1932, was advertised, that Act would have been sufficient. The Legislature made no provision whatever for the territory and its inhabitants which were detached from Lee county and added to Russell county by the Local Act, approved September 30, 1932 (Local Acts of Alabama Ex.Sess

218

1932, pp. 16 and 17). That territory was not a part of any beat or precinct of Russell county. Therefore, the act approved October 14, 1932, makes no provision, whatever, for the territory described in section 1 of the act approved September 30, 1932, and the inhabitants thereof.

"The provisions of said Act exclude and prohibit every qualified elector who resides in that territory from being elected to membership on the County Commission created by the Act, approved October 14, 1932."

It is further urged against the validity of the Act of October 14, 1932, that its language and the notice given of the intention to apply to the Legislature for its passage, all go to show that the county commission was being established for said county, as it existed prior to the alteration and rearrangement of its "north boundary line," and that said act did not, and could not, at the time it was advertised, have embraced any part, or portion, of territory then a part of Lee county.

It is also insisted that the act denies privileges to citizens who reside in the detached territory, and in this respect is obnoxious to sections 1, 2, 22, and 35 of article 1 of the Constitution of Alabama.

The relator has attempted to raise the question of the invalidity of the Act of October 14, 1932, by demurrer to the answer of respondents, which brought forward the several acts hereinbefore mentioned.

The court overruled plaintiff's demurrer, and thereupon, on account of such adverse ruling of the court, the plaintiff suffered a nonsuit, with an appeal upon the record.

That it was within legislative competence to abolish the board of roads and revenue of Russell county, and to establish in lieu thereof a county commission for said county, or some other like governing body, no one will doubt. Jarman, Judge, et al. v. Bennett, 207 Ala. 654, 93 So. 650. Nor does the appellant question this right on the part of the Legislature.

On the face of the Act of October 14, 1932, there is nothing to show that any territory in Russell county has been omitted in defining and creating the three county commission districts. These districts are composed of certain beats or precincts as "now existing"—meaning, of course, at the time the act was passed.

In the case of State ex rel. Garrett v. Sawyer, 139 Ala. 138, 36 So. 545, 546, it was observed: "The precincts or beats of a county are territorial subdivisions of the county, and, in their nature, political subdivisions. They may be created or established by the court of county commissioners under legislative authority, or by direct legislative enactment." Authority is conferred upon the court of county commissioners, or other governing body of the county, to establish and change the boundaries of election precincts by sections 425 et seq. of the Code.

While the courts of the state, independent of averment, take judicial notice of public acts of the Legislature, though local in application, Duy v. Alabama Western Railway Co., 175 Ala. 162, 57 So. 724, Ann.Cas. 1914C, 1119, we know of no decision of this court holding that the courts will take judicial notice of the orders of courts of county commissioners, or like governing bodies.

It is doubtless true that if the several beats or precincts of Russell county had been established by legislative enactment, we would take judicial notice of such territorial subdivisions; but when these territorial subdivisions are established by orders of the commissioners' court, or other like governing bodies, their establishment, as well as their boundaries, must be shown by competent evidence.

Our attention has not been called to any act of the Legislature establishing and defining the boundaries of the several beats or precincts of Russell county, and we take it they were established by the proper governing body of the county, under the general law.

In 23 Corpus Juris, p. 85, § 1869, it is stated: "Courts take judicial notice of the statutory divisions of a state into towns or townships; their names, and numbering; their location as within judicial districts, or as within the state, or as within or without a particular county, or as related to one another in the county, or to other municipalities in the state; their geographical position as town on a railroad; and their boundaries, where the precise boundaries are declared by law, *but not where they are made and unmade at the discretion of county courts.*" (Italics supplied.)

And in section 1959, p. 137, same book, it is said: "An order of a board of county

commissioners, made pursuant to statutory authority, is a matter of which courts in that county will not take notice unless it is proved as other facts must be proved."

The above statement of the rule is supported by the cases of Atkinson v. Mott, 102 Ind. 431, 26 N.E. 217; Missouri, etc., R. Co. v. Savage, 32 Okl. 376, 122 P. 656.

■ There is nothing in the record to show that the proper governing board of Russell county had not prior to the passage and approval of the Act of October 14, 1932, added the territory detached from Lee and attached to Russell county under the Act of September 30, 1932, to some one or more of the other designated beats of the county. We do not judicially know that such proceedings were not had.

If we should assume that it was necessary to the validity of the Act of October 14, 1932, that a distribution of the added territory should have been made prior to the passage of said last named act, the court cannot take judicial knowledge of a failure to act on the part of the governing body of the county.

In this state of the record, in no event was demurrer the proper way to present the question. The demurrer was, therefore, properly overruled.

There is no inconsistency or confusion in the provisions of the Act of October 14, 1932, as was the case with the act dealt with by this court, in the case of State ex rel. Leslie et al. v. Bracken et al., 154 Ala. 151, 45 So. 841. On its face the provisions of the act are clear and certain.

If the contention of appellant should prevail, the rearranging of boundary lines of counties, as authorized by section 39 of the Constitution, would in many instances result in invalidating numerous local laws enacted by the Legislature, pursuant to proper notice and proof. Such a holding would lead to absurd results. The Constitution was made for practical purposes, and to serve useful ends. Tucker et al. v. State ex rel., post, p. 350, 165 So. 249.

If the county commission has not already distributed the attached territory among the three commission districts created by the Act of October 14, 1932, it may and should do so under the authority of the general law.

It follows that we are at the conclusion that the court below properly overruled the relator's demurrer to the answer of the respondents, and the decree appealed from must be, and is, affirmed.

Affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.